## SUPREME COURT.

FRANCIS GREAVES agt. HENRY A. GOUGE.

*When corporation a necessary party to an action against its president, trustees or directors.*

To an action brought by a stockholder against the president, trustees or directors of a corporation for an alleged conversion or misappropriation by them of corporate property, the corporation itself is a necessary party (*Affirming S. C.*, 49 *How.*, 79).

*First Department, General Term, October,* 1876.

APPEAL from order sustaining demurrer to a complaint.

*Horatio F. Averill & W. B. Milliken,* for plaintiff.

*Oscar Frisbee,* for defendant.

BRADY, *J.* — The conclusions arrived at by the learned judge presiding at special term are correct expositions of the law applicable to the case made by the complaint. It is justly said by him, in his opinion, that the several acts of the defendant, charged to have been illegal and prejudicial, were injuries directly to the corporation of which he was the president, and in which the plaintiff was a stockholder.

They consist, he says, of the conversion by the defendant to his own use of the whole surplus earnings of the corporation ; the illegal appropriation to himself of its funds to the amount of $4,000 a year since the corporation was formed ; the further appropriation to himself and to his own individual use, and that illegally, of personal property and chat-

tels of the corporation; the payment with corporate funds for work and labor rendered for his individual benefit ; and the pledging of the credit of the corporation and the use of its funds and notes for his own, and not the company's, advantage.

This statement makes it apparent that there is little difference between the plaintiff's case and that of the plaintiff in *Gardner et al.* agt. *Pollard et al.* (10 *Bos. R.*, 675). It contains similar elements, and seeks a similar remedy. It must meet a similar fate. It is not deemed necessary to demonstrate this by a review in detail of the various decisions relating to the right of a stockholder, in his own name, to maintain an action against one or more of the directors or officers of a corporation for alleged injuries to his stock, or its ownership, caused by illegal or fraudulent acts. It is sufficient to state the rule deducible from them which governs such a litigation, and that rule seems to declare it to be an indispensable prerequisite that the circumstances disclosed should show injuries, individual and personal, to the claimant, as contradistinguished from injuries to the corporation. The reason of the rule is well stated in *Gardner* agt. *Pollard* (*supra*), by BOSWORTH, J., namely : that if he can maintain a suit and recover his aliquot part of the whole damages, he may obtain a double compensation by means of the recovery in his action, and in one by the corporation for the same cause. If, as said in that case, all the moneys misappropriated by the defendant, or improperly received and retained by him, rendered the company insolvent, and thereby made his stock valueless, a recovery of the money by the corporation itself, with interest, might restore the value of the stock and enable the company to make the omitted dividends. The learned justice at special term presented this view substantially, and sufficiently covered all the points which he was called upon to consider, and disposed of them in an opinion which will stand the test of any review to which it may be subjected.

Greaves agt. Gouge.

It may not be amiss here, however, to state, in a brief way, the classes of wrongs for which a plaintiff; in the absence of any statute prescribing a remedy, has been allowed to recover individual damages against a director or officer of a company without seeking the aid of the corporation, or making it a defendant, or uniting with him as plaintiffs others similarly situated. It will be found, on examination of the authorities, that they are either when the director or officer was guilty of fraudulent representations by which the stockholder was induced to buy the stock, or when, by fraudulently issuing spurious stock for which the company was not liable, he becomes a wrong-doer, and therefore responsible for the evil he has done. The following cases are relied upon as establishing this proposition : *Cross* agt. *Sackett* (6 *Abb.*, 247, *and numerous cases cited*); *Gardner* agt. *Pollard* (*supra, and cases cited*); *Mead* agt. *Mali* (15 *How. Pr. Rep.*, 349); *Seeser* agt. *Mali* (6 *Abb.*, 270, *and note*); *Casseaux* agt. *Mali* (25 *Barbour's Rep.*, 578); *see, also, Robinson* agt. *Smith* (3 *Paige*, 222); *Cunningham* agt. *Pell* (5 *Paige*, 687); *Smith* agt. *Hurd* (12 *Metcalfe*, 371). The case of *Crooks* agt. *Jewett* (12 *How.*, 19), which was a motion to vacate an order of arrest, is the only case which seems to conflict with the view stated. It is a special term case, and is too general in its character on the question to be entitled to superior consideration. It stands alone on the broad rule adopted by it. The weight of authority is decidedly against it. There is, it may be said, no particular severity about the proposition stated. If the corporation refused to proceed against the directors, the plaintiff has his remedy by making them a defendant. This devotion to what seems to be a mere form is a matter of substance for the reason stated herein, that the plaintiff shall not be allowed a double compensation, or the defendant be subjected to a double punishment, which might result from a claim prosecuted by the corporation to recover its damages arising upon the same state of facts. When the plaintiff is able, by the peculiar and special circumstances of his case, to

Greaves agt. Gouge.

disconnect himself from the general injury to the company, he then presents an independent demand for which he can receive but one redress, and for which the defendant can pay but one penalty. The distinction is apparently, to some extent, shadowy, and finely drawn, but it has substance, as already suggested, and rests upon principle and authority.

The order made at special term must, therefore, be affirmed, with costs.