## BABCOCK *v.* SCHUYLKILL & L. V. RY. CO.

*(Supreme Court, General Term, First Department.* May 9, 1890.)

**FOREIGN CORPORATIONS—ACTIONS—LIABILITY TO BE SUED.**

   Under Code Civil Proc. N. Y. § 1780, providing that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, resident stockholders of a foreign corporation may sue another foreign corporation to compel it to perform its agreement to issue certain of its capital stock to the company of which plaintiffs are stockholders, or, in case of its failure to issue the same, then to recover damages.

   Appeal from special term, New York county.

   Action by Edward B. Babcock, on behalf of himself and all other stockholders of the Pottsville & New York Railroad Company, similarly situated, Schuylkill & Lehigh Valley Railway Company, to obtain specific performance of an alleged contract between the defendant and the said Pottsville & New York Railroad Company. The plaintiff alleges that in March, 1887, two certain Pennsylvania corporations, the Pottsville & New York Railroad Company and the Schuylkill & Lehigh Valley Railway Company, were merged and consolidated, and that defendant is such consolidated corporation; that, as a part of the consideration for the said consolidation, it was agreed between the consolidating companies that the consolidated company should deliver to the Pottsville & New York Railroad Company, for the benefit of its stockholders, but subject to the use of so much thereof as might be necessary to provide for the payment of any debts, claims, or demands against either of the consolidating companies, $250,000, par value, of the defendant's first mortgage bonds, $500,-000, par value, of its full-paid capital stock, and $25,000 in cash; that the said sum of $25,000 cash was sufficient to pay off all debts, claims, and demands against the consolidating companies in full; that no part of the said bonds or stock has been issued to the said Pottsville & New York Railroad Company or to its stockholders; that at the time of the consolidation the plaintiff was the owner of 21-30 of the then outstanding stock of the Pottsville & New York Railroad Company; that the plaintiff has requested the issue to him of 21-30 of the said bonds and stock by the defendant, but that defendant has refused so to do, although it has abundant stock and bonds unissued in its treasury; that by the merger and consolidation aforesaid the Pottsville & New York Railroad Company was dissolved, and ceased to have any officers representing it other than the officers of the defendant; that the interests of those officers are antagonistic to the said alleged claim of the stockholders of the Pottsville Company against the defendant, and that said officers have repeatedly denied the validity or existence of any such claim; that the railroad of the defendant is only in course of construction; and that the said stock and bonds have no present market value. Judgment is then demanded that the defendant issue to the plaintiff 21-30 of the said bonds and stock, and that, in case of failure so to deliver, the defendant pay to the plaintiff the sum of $500,000 damages. The defendant demurs to the complaint on three grounds: *First,* that the court has not jurisdiction of the subject of the action; *second,* that there is a defect of parties defendant, in that neither the Pottsville & New York Railroad Company, nor the directors or managers of said company at the time of its dissolution, if such dissolution has taken place, are made parties defendant; *third,* that the complaint does not state facts sufficient to constitute a cause of action. Section 1780 of the Code of Civil Procedure declares that "an action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action." The demurrer was overruled, and defendant appeals.

   Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

   *Benjamin S. Harmon, (Joseph H. Choate,* of counsel,) for appellant. *Shearman & Sterling,* for respondent.

BRADY, J. The learned justice in the court below overruled the demurrer to the complaint upon the proposition that on the facts stated the court had jurisdiction to award the plaintiff such damages as he might have sustained by the wrong alleged to have been done by the defendant, and this upon the concession that the equitable relief solicited could not be afforded for the reason that this court had not jurisdiction arising from the facts stated to grant it. It thus appears that the question of equitable jurisdiction was not subjected to any formal examination. The cases upon which the counsel for the appellant chiefly relies to sustain his contention that this court has ño jurisdiction in actions of this character, viz., *Howell* v. *Railroad Co.*, 51 Barb. 378, and *Redmond* v. *Manufacturing Co.*, 13 Abb. Pr. (N. S.) 332, are, however, overruled in the case of *Prouty* v. *Railroad Co.*, 1 Hun, 655, (decided in this department,) in which it was stated in the course of the opinion, speaking of the section of the Code relating to the subject: "This is a broad and unqualified provision, containing nothing justifying the restriction placed upon it by the special term in deciding the case of *Howell* v. *Railroad Co.*," just mentioned. The language of the section declared that an action might be maintained by a resident of the state against a corporation created by or under the laws of any other state, government, or country, for any cause of action; and this was regarded as sufficiently comprehensive to include actions like the one in hand. *Ives* v. *Smith*, 3 N. Y. Supp. 645. The case of *Boardman* v. *Railway Co.*, 84 N. Y. 157, has no application to the case thus presented, for that that company was declared, as a result of its consolidation, to be a domestic corporation in an action brought against it. *Sage* v. *Railway Co.*, 70 N. Y. 220. It is not necessary for the purposes of this case to question the accuracy of the decision in *Prouty* v. *Railroad Co.*, *supra*, inasmuch as the court of appeals has not yet reversed it, or doubted its propriety. It must be assumed, therefore, that the court below, if an examination had been made, would have arrived at the result herein declared, and maintained the jurisdiction of this court to grant the equitable relief asked for in this action. It does not seem necessary to give any extended consideration to the second ground of demurrer, alleging a defect of parties in the omission to include the Pottsville & New York Railroad Company, or the directors or managers thereof, after the dissolution of that company had taken place, for the reason that the merger and consolidation of that company into the defendant company is alleged and admitted, and not only admitted, but that such merger and consolidation was duly authorized by the laws of Pennsylvania, of which state both corporations were creations. The defendant company included the Pottsville & New York Company, and as the result the latter company was dissolved, and ceased to have any legal existence, as alleged in the complaint and admitted by the demurrer. This conclusion renders it necessary to affirm the judgment of the court below. All concur.