GLINES v. SUPREME SITTING OF ORDER OF IRON HALL.

(Supreme Court, General Term, First Department.   December 16, 1892.)

1. TEMPORARY RECEIVER OF FOREIGN CORPORATION—APPOINTMENT.

A motion to vacate an order appointing a temporary receiver of a foreign corporation on the ground that no valid service had been made on the corporation, and that the court was without jurisdiction, will be denied where it appears that no officer of the corporation was within the state, and that the corporation had failed to designate a person on whom service might be made, as authorized by Code Civil Proc. § 432, subd. 2, and the affidavit of service shows the motion papers to have been served, as provided by subdivision 3 of the above section, on the corporation's managing agent, naming him as such; and it is not necessary for affiant to state how he knows such person to be the managing agent. 20 N. Y. Supp. 275, affirmed.

2. SAME.

Failure of the affidavit of service to show that the person served is the managing agent of the corporation does not affect the jurisdiction of the court to appoint the receiver, and such defect in the affidavit of service is cured where the affidavits used to resist a motion to vacate the appointment of the receiver clearly show the person served to have been in fact the managing agent.

Appeal from special term, New York county.

Action by Moses K. Glines against the Supreme Sitting of the Order of the Iron Hall. From an order denying a motion to vacate an order appointing a receiver of defendant's property within the state, (20 N. Y. Supp. 275,) defendant appeals. Affirmed.

The motion was made on the papers, which include the summons, complaint, affidavit, and order to show cause, which were the basis of the order appointing the receiver. From such original papers it appears that the defendant is a foreign corporation; and the affidavit of service states that the papers were served on the defendant "by delivering a copy of the same to C. H. Cooper, the deputy supreme justice of the defendant for this district, and defendant's managing agent in this district, and leaving the same with him, and at the same time showing him the original of said affidavit and order. Deponent further says that he knew the person served as aforesaid to be the C. H. Cooper, the deputy supreme justice and managing agent of the defendant herein; that deponent was informed by the deputy superintendent of insurance of this state that the defendant had no right to do business in this state, and had made no designation of any one on whom to serve papers."

Code Civil Proc. § 432, provides in what manner service shall be made upon a defendant being a foreign corporation. By the first subdivision of this section it is provided that service may be made upon the president, treasurer, or secretary; by the second, upon a person designated for the purpose in writing; and by the third subdivision it is provided: "If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein, to the cashier, a director, or managing agent of the corporation within the state."

Argued before VAN BRUNT, P. J., and BARRETT, J.

Taylor L. Arms, (Alfred Ely, of counsel,) for appellant.

Morse, Koones & Findlay, (Howard H. Morse and George Norris, of ·counsel,) for respondent.

BARRETT, J.    Upon the 26th day of August, 1892, an order was ·made at special term appointing a temporary receiver of the assets and property of the defendant within this state.    A motion was subsequently made to vacate this order, upon the sole ground that the court was without jurisdiction to grant it, for the reason that the summons and complaint, together with the original order to show cause, had not been ·served upon the defendant according to law.    The motion to vacate ·was denied upon the ground (specified in the order of denial) that the ·court had power to make the order of August 26th, and to appoint a ·receiver of the property of the defendant, without notice to the defendant, and without first obtaining jurisdiction of the person of the ·corporation.    It was unnecessary for the learned judge to specify in the order appealed from the ground upon which he denied the motion.    It was sufficient that the motion was denied, and for good reasons.    We need not consider the question as to whether the particular ground specified in the order was of itself sufficient to justify the denial of the motion; nor need we consider the argument on that head presented by the learned counsel upon this appeal.    In saying this we do not mean to intimate a doubt as to the correctness of the learned judge's conclusion.    It appears conclusively from the papers that the court had jurisdiction of the defendant corporation at the time the order in question was made.    That order was not made ex parte, but upon due notice to the defendant.    The papers were served upon the managing agent of the defendant in this state, and it appeared that the defendant had no officer within this state upon whom those papers could have been served. It also appeared that the defendant had not made the designation of a person upon whom papers in an action might be served, as authorized by the second subdivision of section 432 of the Code of Civil Pro-. cedure.    We think the affidavit of service which was before the court when the order appointing the receiver was made was itself quite sufficient.    It was not necessary for the affiant to state how he knew that the person named was the managing agent of the defendant, any more than it would have been, in case of service upon the president, treasurer, or secretary of the corporation, to disclose the affiant's knowledge of the latter's official position.    Jurisdiction was certainly conferred by an affidavit stating that the service was made upon the managing agent, naming him as such.    But, even if there were a defect of proof on that head, that was matter of evidence, not of fact, and did not go to the question of jurisdiction.    We find, however, that the motion to vacate was resisted upon affidavits clearly furnishing ample evidence of the fact that the person upon whom the papers were served was the managing agent of the defendant.    The question of jurisdiction did not depend upon the evidence as to the agency contained in the affidavit of· ·service, but upon the fact that the person named was in truth the defendant's managing agent.    We also find that the motion to vacate was,

as matter of fact, made without the authority of the defendant. The affidavits show that the only person who was really authorized to appear for the defendant was the attorney Stewart, and he has interposed an answer, which completely concedes the jurisdiction. No question can be made upon this appeal with regard to the merits, or with regard to the equities of the complaint. The sole question is that of jurisdiction, and as it clearly appears that the plaintiff is a resident of this state, that the corporation has property within this state which this action seeks to preserve, and that the motion papers on the application for a receiver were duly served upon the corporation under the third subdivision of section 432 of the Code, we think the court had jurisdiction, and that the order denying the motion to vacate the order appointing the receiver should be affirmed, with costs.

Order accordingly affirmed, with costs.