HENRY E. ALEXANDER, Appellant, *v.* JOSEPH A. DONOHOE and EUGENE KELLY, Respondents, Impleaded with THE MARIPOSA COMPANY and Others.

*Action by a stockholder barred by a judgment against his company.*

In an action against the Mariposa Company, the Mariposa Land and Mining Company of California, the Mariposa Land and Mining Company of New York, and certain individuals, stated in the complaint to be brought by the plaintiff on behalf of himself and all others' who, as stockholders of the California company, were assignees of the original holders of trust certificates of the Mariposa Company, and in which relief was sought for frauds alleged to have been practised upon the plaintiff and others similarly situated, by the individual defendants, which resulted in such defendants obtaining large sums of money out of an estate in California known as "Las Mariposas," and finally obtaining title to the estate itself, it appeared from the complaint that a judgment of foreclosure had been recovered in California against the California company, which established the validity of, and directed a sale under, a mortgage upon such estate.

To avoid the effect of the California judgment as a bar to the maintenance of the present action by the plaintiff as a stockholder in the California company against the individual defendants, the plaintiff claimed that the complaint showed that, having been the owner of certain trust certificates of the Mariposa Company, he had exchanged them for stock of the California and afterwards that stock for stock of the New York company, in ignorance of the frauds alleged in the complaint to have been perpetrated upon him, and

that he was by reason of such fraud entitled to a return of such certificates and to maintain the action as a holder of such trust certificates.

The complaint did not allege any attempt on the part of the plaintiff to rescind his exchange of Mariposa Company trust certificates for California company stock, or contain any offer to return such stock ; nor did it allege that the California judgment was collusive or fraudulent, but alleged that certain facts were not presented to the court in California which might have been established.

On the hearing of an appeal from a dismissal of the complaint as to the individual defendants, directed on the pleadings,

*Held,* that the plaintiff's right to claim to be a holder of Mariposa Company certificates, and to be entitled to maintain the action as such holder, was not made out by the complaint.

That from the allegations of the complaint, it was apparent that the plaintiff's only evidence of interest in the property in suit, was as a stockholder of the California company, and it being necessary that he should assert through that company whatever rights he had against the property, and the identical questions to be litigated in the present action having been litigated by that company in good faith in another action, and that company having been defeated, the plaintiff was bound by that judgment.

That, consequently, the California judgment was a bar to the plaintiff's seeking, as a stockholder of the California company, to obtain any relief as against the alleged fraudulent acts of the individual defendants.

APPEAL by the plaintiff, Henry E. Alexander, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 30th day of June, 1890, upon a decision of the court after a trial at the New York Special Term, dismissing the complaint upon the merits.

The action was brought against Joseph A. Donohoe, Eugene Kelly, the Mariposa Land and Mining Company of California, the Mariposa Land and Mining Company of New York, the Mariposa Company, and others, to obtain relief for frauds alleged to have been practised upon the plaintiff, and the others on whose behalf he sued, by the defendants, Donohoe and Kelly, and other individual defendants, which, the complaint alleged, resulted in the obtaining of various large sums of money by Donohoe and Kelly, out of an estate in California known as " Las Mariposas," the beneficial interest in which belonged to the plaintiff, and others similarly situated, and, finally, in their obtaining an absolute title to the whole of the estate.

*E. C. Perkins,* for the appellant.

*F. R. Coudert,* for the respondents.

Van Brunt, P. J.:

It will be impossible within the reasonable limits of an opinion, to rehearse all the evidence, conclusions of fact and conclusions of law, set out in the 154 pages of the complaint herein.

A dismissal of such complaint having been had before the taking of testimony, the only question presented is, whether upon all the allegations contained in the complaint, the plaintiff shows any right of recovery.

Upon the trial the plaintiff, having desired to amend his complaint, as a condition of such amendment, was obliged to, and did include therein, a judgment-roll in an action of the courts of California; and it appears to have been held by the court below that this judgment was a bar to the plaintiff's recovery. It will be necessary, therefore, only to advert to so much of this voluminous complaint as will serve to illustrate the position of the plaintiff in respect to the defendants in the action in California, in order that it may be determined whether or not the ruling in the court below should be upheld.

The plaintiff herein brings this action, as he states in his complaint, on behalf of himself and all others who, as stockholders of the defendant herein, the Mariposa Land and Mining Company of California, are assignees of, and successors to, the original holders of the Mariposa trust certificates and trust preferred stock and other stocks of the defendant, the Mariposa Company, under a trust deed dated April 25, 1868, and holders of the stock of the defendant, the Mariposa Land and Mining Company of New York, and of and to all right, title and interest of the said original holders in and to the Mariposa estate in said complaint described, and who have accepted stock of the defendants, the Mariposa Land and Mining Company of New York, and the Mariposa Land and Mining Company of California, under the circumstances thereinafter described, who are similarly situated with the said plaintiff, and who should come in and take part in and contribute to the expenses of this action.

Upon the argument of the appeal it was admitted by the counsel for the appellant that the issues litigated in the California action were substantially the same as those presented herein. But it is claimed that the plaintiff, having been the owner of certain Mariposa trust certificates, which he had exchanged for certain stocks of

other corporations in ignorance of the frauds alleged in the complaint, perpetrated upon him, is, by reason of such fraud, entitled to a return of these certificates, and is in equity entitled to maintain this action as such certificate holder; and that the plaintiff, and those similarly situated, are to be regarded not as stockholders of the new companies which will be hereinafter mentioned, but simply as holders of the original Mariposa trust certificates.

It seems somewhat doubtful whether this action was commenced upon any such theory, in view of the allegations contained in the complaint that " this plaintiff has not applied to the said defendant corporations (viz.: the Mariposa Land and Mining Company of New York and the Mariposa Land and Mining Company of California), nor to the said trustees (being the trustees of such corporations), to induce them to bring actions to set aside the aforesaid fraudulent contracts and conveyances, nor to remove the cloud on the title to the Mariposa estate, caused thereby, etc., for the reason that the trustees, directors and officers of said corporations, and a majority of the said trustees, have either been parties to the said fraudulent acts and doings sought to be avoided and set aside, or have been fraudulently or improvidently consenting thereto; and it would be a useless form to request them to take action for the protection and enforcement of the rights of this plaintiff and of those similarly situated; and this plaintiff, and those similarly situated with him, are afraid and unwilling to intrust the conduct of this suit, or of any similar suit, to them, or to any of them, whose acts are sought to be impeached as aforesaid, and should not in equity be compelled so to do."

This allegation is only consistent with the theory that at the time at least of the filing of this bill, the plaintiff was seeking to enforce, as a stockholder of these two companies, rights of these corporations against those who had been fraudulently conspiring against such rights.

But it would appear that it is now sought to maintain this action upon a different ground.

It must be conceded that if the plaintiff, as a stockholder of the Mariposa Land and Mining Company of California, is seeking to obtain any relief as against the alleged fraudulent acts of some of these defendants, the judgment in California is a bar to the action now before this court. That action in California was brought by

one of the defendants in this action for the foreclosure of a mortgage, the validity of which is assailed in this action; the Mariposa Land and Mining Company of California, and as a subsequent incumbrancer, were made parties to that action, and by answer and cross bill, substantially the same allegations were made against the validity of that instrument as are contained in the complaint in this action.   The result of the trial of the issues in California was a defeat of the claim of the invalidity of the mortgage, and the establishment of the rights which are assailed in this action.   There is no pretense or allegation contained in this complaint that such judgment was collusive or fraudulent; but it is alleged that certain facts were not presented to the court in California which might have been established, and that certain parties were not made defendants in that action, and that certain rights were not cut off therein, all of which depend upon the question, which has heretofore been suggested, as to whether the plaintiff can maintain this action as the equitable holder of the original Mariposa trust certificates.

It will be necessary in order to determine this proposition to examine briefly the general allegations of the complaint.   It is alleged that the defendant, the Mariposa Company, was a corporation duly organized in the year 1868, under the laws of the State of New York for the purpose of holding and operating mining property in the State of California referred to as the Mariposa estate; that the defendants, Eugene Kelly and Joseph A. Donohoe, were copartners in business in the city of New York under the firm name and style of Kelly & Co., having also a place of business in the city of San Francisco, Cal., under the firm name of Donohoe, Kelly & Co., Kelly residing in New York and Donohoe residing in San Francisco; that prior to the 25th of April, 1868, the defendant, the Mariposa Company, was the equitable owner and in possession of a certain tract of land in the county of Mariposa and State of California known as Las Mariposas estate, containing seventy square miles of land, upon which there were extensive and valuable mines of gold and other minerals.   Coupon bonds of the said Mariposa Company payable to bearer and bearing interest at seven per cent per annum, upon which it was in default, were then outstanding secured by the company's mortgage upon the estate, and the company had the usual accompaniment of a floating debt and pre-

ferred and common stock. The defendant, John W. Brummagin, held the legal title to the estate, which legal title had been acquired for account of his brother, the defendant, Mark Brummagin, at a cost to said Mark Brummagin of the sum of $300,000, or thereabouts; and was then owned by said Mark Brummagin though in the name of John; that on the said 25th of April, 1868, the said John W. Brummagin conveyed the said Mariposa estate to certain trustees upon certain trusts mentioned in said deed, and among other provisions in said deed it was provided that said trustees should issue and deliver certificates referred to in said deed as Mariposa certificates to an amount not exceeding in the whole $4,000,000 of principal, to such of the holders of the preferred stock of the Mariposa Company and to such of the creditors of said company upon bonds, judgments or otherwise as the said trustees might elect, upon transfer, assignment and delivery to said trustees by said preferred stockholders and creditors to whom such certificates should be issued of an amount of either preferred stock, or of indebtedness of said Mariposa Company, equivalent to the par value or principal of such Mariposa certificates, and upon the payment in cash to said trustees by the parties receiving such certificates of such amount as said trustees of the Mariposa estate should see fit from time to time, or in respect to each transaction, to prescribe and exact; provided that such amount of cash should not be less than ten per cent upon the par value of such of said certificates as should be issued in exchange for bonds or other indebtedness of the company other than judgments, and thirty per cent in cash upon the par value of such certificates as should be issued in exchange for judgments against said company or of preferred stock of said company; which agreement also contained certain provisions in regard to the disposition of the cash thus received.

The complaint then alleges that the holders of the bonds of the Mariposa Company and the other creditors and stockholders availed themselves to a very large extent of the privileges of said trust deed, and exchanged their bonds and debts and stocks for the Mariposa trust certificates; and that in this month certificates were issued and became outstanding to the amount of $4,000,000, or thereabouts, and there was paid as assessments or percentages on said exchange of securities the sum of $700,000, or thereabouts.

The complaint then contains allegations as to the liquidation of portions of the indebtedness above referred to ; and as to a scheme upon the part of Kelly & Donohoe and John W. Brummagin to obtain the title to the property by fraudulent concealment of proceedings in reference to the collection of taxes from the majority of the trustees in the trust deed and from the certificate holders and others interested in the Mariposa Company, which resulted in the sale of the property for taxes, and a purchase of the same in the interest of Kelly & Donohoe ; and also allegations as to the proposed sale by the trustees under the trust deed and to an attempt to redeem the property from the tax sales.

The complaint also alleged that the plaintiff became the holder in March, 1870, of 100 shares of the first preferred stock of the original Mariposa Company, and that in April, 1870, he purchased in the open market $10,000 of Mariposa trust certificates.

It is further alleged that on the 8th of June, 1871, the Mariposa Land and Mining Company of New York was duly incorporated for the like purpose and object as the original Mariposa Company, the certificate of incorporation fixing the amount of the capital stock at $15,000,000, $5,000,000 of preferred and $10,000,000 of common stock and that it was proposed that this stock should be issued in exchange for the trust certificates and for the securities of the original company, upon certain terms and conditions, in reliance upon which the holders of trust certificates, including the plaintiff, exchanged their former holdings of certificates and stock for the new stock, paying large sums of money for the supposed privilege; that the exchange to the plaintiff was made on the 17th of November, 1871, he paying $500 in cash and receiving a certificate for 247½ shares of the said company's preferred stock ; and that in March, 1873, the holding of stock of the plaintiff in the Mariposa Land and Mining Company of New York amounted to 250 shares; and that in the way above stated, on or before the 30th of January, 1872, the new company became possessed of a large number of Mariposa trust certificates and Mariposa first preferred stock.

The complaint then contains various allegations of fraudulent conduct on the part of Kelly & Donohoe, by whom claims were preferred against said properties without any foundation in fact, and

that under the laws of California for the organization of corporations for the purpose of owning and operating mines within said State assessments might be made by corporations upon the holders of its stock for moneys to be used in conducting the mining operations and paying the indebtedness of the corporation, which power did not exist in the State of New York; and that in order to avail himself of this further mode of raising money, the defendant, Mark Brummagin, in or about the month of November, 1874, caused the incorporation of the defendant, the Mariposa Land and Mining Company of California, with power to levy assessments on its shareholders as above described, and that on the 16th of November, 1874, the Mariposa Land and Mining Company of New York, executed and delivered to the Mariposa Land and Mining Company of California, a deed or deeds purporting to be of the Mariposa estate in exchange for the entire capital stock of the California company, to be distributed and delivered share for share to and for the holders of the capital stock of the New York company in exchange therefor, and in further consideration of the assumption by the California company of the debts of the New York company, and of all claims against the trustees of the aforesaid trust deed of April 25, 1868; that in said month certificates for the entire capital stock of the California company were delivered to the New York company, and in the year 1875, the plaintiff surrendered his said 250 shares of stock of said New York company to the California company and received in place thereof 250 shares of the capital stock of said California company, upon which stock the plaintiff has paid into said California company divers assessments.

The complaint then alleges that in the close of the year 1875, said Kelly and Donohoe were without other hold upon the Mariposa estate for the collection out of it of the balance of their alleged claims, than the possession by way of pledge, of some 50,000 shares by the New York company, whose officers claimed to have conveyed the entire estate; that thereupon two plans were formed for the better insuring the collection of said alleged balance out of said estate, one devised and favored by Kelly, and one devised and favored by Donohoe. Various negotiations were had by said Kelly and Donohoe, and in January, 1875, said Donohoe caused the Mariposa

estate to be bid in under the name of his agent, at a sheriff's sale, under execution to enforce judgments theretofore, and in December, 1874, obtained against the New York company, the said purchase being made for the joint benefit of Kelly and Donohoe, and the purchase price being furnished and paid by said firm of Eugene Kelly & Co. of New York; that Donohoe purchased certain judgments against the New York company, and also caused the estate to be bought in on a sale for taxes of the previous year; that in June, 1875, said Kelly, having abandoned his own plan in favor of the scheme devised by Donohoe, thereafter united with said Donohoe in attempting to perfect the title of the Mariposa estate, on such terms and conditions as would best insure the collection out of said estate of the balances claimed by Kelly & Donohoe against said Brummagins, and in pursuance of said scheme, in said June, and before the expiration of the time allowed by law for redemption from said judgment sales and sales for taxes, said Kelly, as president and secretary of the New York company, and one Stilwell, claiming to act as stockholder of the New York company, and on behalf of certain other stockholders, executed a certain agreement, and said Donohoe in July, 1875, and before the expiration of the time allowed by law for the redemption from such judgment sales and sales for taxes, executed an agreement in California, by and with the president and secretary of the California company, in the name of said company. By the first of these agreements it was provided that Kelly should surrender to the California company certain certificates of common and preferred stock of the New York company, and certain canceled Mariposa trust certificates, and a note of John W. Brummagin for $103,515.39 gold, held by him, upon certain payments being made. By the second agreement, after reciting the purchase by Donohoe at sheriff's sale, and the ownership of certain judgments purchased by Donohoe, and that the California company was without means to redeem the property from said sale, or to pay the judgments against the New York company, and that it was important to the California company to secure prompt settlement of certain litigations pending, and that it was desirous of having the said premises conveyed to it immediately after the sheriff's deed should be executed and delivered, and to give to Donohoe a mortgage for the purchase money, it was agreed by the Cali-

fornia company to purchase from Donohoe the right, title and interest in and to the said property, and to pay him therefor the price therein named, and simultaneously with such conveyance, for the purpose of securing payment to said Donohoe of such purchase price, the California company agreed to execute and deliver to him certain promissory notes, seven in number, the first note payable in six months and the last notes in twenty-four months, each of which notes should be conditioned that if default should be made in payment of the principal and interest of any of the notes or any part thereof, and such default should continue for the period of thirty days, then the whole principal sum and interest should be due, and all the notes should be deemed to be and should immediately thereupon become due and payable; and to secure the payment of said notes, the California company agreed to execute and deliver to Donohoe a mortgage upon its property; and that in pursuance of this agreement, on the 2d of August, 1875, the notes and mortgage were executed by the California company and delivered to the defendant Donohoe.

The complaint then alleges that certain of the notes were given to pay for money furnished by the firm of Kelly & Co. at said judgment and tax sales, together with interest thereon; that certain other of the notes were given to cover and provide for the note of Brummagin, with interest, and other of the notes to pay for an amount claimed by Kelly to be due from Mark Brummagin, and for counsel fees of Kelly's counsel in New York, and that said notes were without consideration, and that the New York company had never ratified the arrangement with Donohoe, nor was there any valid authorization or ratification by the California company; and that after the execution and delivery of said promissory notes and mortgage by the said California company to said Donohoe, such company was put into possession of the Mariposa estate under deeds theretofore executed by the New York company, and also under deeds executed by Donohoe, and thereupon the said company at sundry times levied sundry assessments on said stock, and thereby received and collected considerable sums for the operating of said estate, out of which sums said company paid said Donohoe for himself and said Kelly, before the commencement of this action, or of the foreclosure suit thereinafter mentioned, the sum of $160,000, or

thereabouts; and that by said payments, the whole amount due to or incurred by said Kelly & Donohoe, or either of them, in the purchase of said estate under judgment and tax sales in 1874 and 1875, and in the purchase of said judgment against the Mariposa Land and Mining Company of New York were more than paid, and all equitable claims or lien which might have arisen in favor of Kelly & Donohoe against the estate, by reason of said purchases by them, were thereby wholly satisfied and paid.

The complaint further alleges that, nevertheless, said Donohoe brought a suit in the District Court of California in and for the city and county of San Francisco, in August, 1877, against the Mariposa Land and Mining Company of California and the Farmers' Loan and Trust Company, for the purpose of foreclosing said mortgage, by reason of the failure of said California company to pay certain of the notes given as aforesaid.

It further appears, from an inspection of the judgment-roll annexed to said complaint, that the California company answered said complaint, setting up substantially the facts contained in the complaint in this action, and claiming a cancellation of the notes and mortgage in question, and that the Farmers' Loan and Trust Company, an incumbrancer subsequent to the mortgage to be foreclosed, answered and also filed a cross-bill setting up the same facts and claiming the same relief; that the plaintiff answered said cross-bill, and these issues were tried and such proceedings were had that a decree of foreclosure and sale was pronounced and entered by said court, and a sale of the Mariposa estate was had under the decree in January, 1882, and said estate bought in by said Donohoe for the sum of $300,000, being the amount of said judgment; that an appeal has been taken from said decree, but the time within which the redemption of said estate from the said sale under the statutes of California, in case the said decree and sale are allowed to stand unimpeached, has long since expired.

The complaint further alleges that the trustees of the Mariposa estate, Mark Brummagin and the Mariposa Land and Mining Company of New York, were not made parties to that suit, and that no party in interest in said Mariposa estate, whether as holders of trust certificates or of stock of the original Mariposa Company, or of the stock of the Mariposa Land and Mining Company of New York, or

of the stock of the Mariposa Land and Mining Company of California, including this plaintiff, were made parties to this suit; and that, in view of the facts set forth in the complaint, the rights of the *cestuis que trustent* under the trust deed, including the plaintiff and their assigns, and the holders of the stock of the Mariposa Land and Mining Company of New York and the Mariposa Land and Mining Company of California had not been foreclosed or cut off by any decree in said suit, they not having been parties thereto nor represented therein, and there being also certain defenses to any action based upon the validity of said mortgage which were available to them, but which could not be set up by said California company; and that the rights of the plaintiff and others interested in the Mariposa estate were not represented by the said California company, as defendants in said suit; and that the said District Court of the fourth judicial district of California was wholly without jurisdiction of the parties above named not made defendants.

Then follow certain general allegations which are not material to the questions to be discussed upon this appeal. And judgment is prayed amongst other things that the decree made in said suit in the District Court, and the sale thereunder, be declared as of no binding force against the trustees under the trust deed, or against the New York company or its stockholders, or against the California company, or against the plaintiff and those similarly situated.

Upon this review of the allegations of the complaint, it is difficult to see upon what theory the plaintiff can claim that he is a holder of Mariposa trust certificates, and assert rights under the trust deed of 1868. He has not only surrendered such certificates in exchange for stock of the Mariposa Land and Mining Company of New York, but has exchanged that stock for stock of the Mariposa Land and Mining Company of California. And there is no pretense that there has been any attempt upon his part to rescind such exchange, or any offer upon his part to return the stock of which he is the holder and by virtue of which he substantially claims to be the holder of the trust certificates.

In the consideration of this proposition it is not necessary to determine whether, under the circumstances shown by the allegations in this complaint, he could even by an offer to tender back the stock which he had received, at this late day put himself in a position to enforce

his rights as equitable owner of Mariposa trust certificates. But it is clear that being a stockholder of the Mariposa Land and Mining Company of California, and that being his only evidence of interest in this property, and it being necessary that he should assert through that company whatever rights he has as against this property, and the identical questions to be litigated in this action having been litigated by said company in good faith, and said company having been defeated, this plaintiff is bound by that judgment.

As a stockholder he has no independent right of action. Whatever rights he has he must assert through the company of which he is a stockholder. The only theory upon which a stockholder is permitted to bring suit, as recognized by the allegations of the complaint in this action, is that it is brought on behalf of the company to establish rights existing in the company by the stockholder, because for the reason the trustees of the company have refused to or will not protect the rights of the company in respect to the subject-matter. Such being the case, the Mariposa Land and Mining Company of California represents all the parties who it is claimed were not made parties defendant in the foreclosure suit, and a judgment against the company is binding upon them.

There are no holders of Mariposa trust certificates. It would appear from the allegations of the complaint that all these certificates had been surrendered and canceled in the various negotiations which resulted in the placing of the title of this property in the California company and the execution and delivery of the notes and the mortgage to Donohoe which was foreclosed by him.

It would seem, therefore, that there was no ground whatever upon which the plaintiff could come into court and obtain relief, this court having no power of review over the proceedings in the District Court of California.

If it had been shown upon the part of the plaintiff that the California judgment had been conclusively and fraudulently obtained, then perhaps some relief might possibly have been afforded in the courts of this State. But it is doubtful if even that could be done, the subject-matter of the litigation and the parties to it being residents of and situated within the State of California. But this point it is not necessary to determine in the disposition of this appeal.

It would seem, therefore, that the judgment should be affirmed, with costs.

O'Brien and Follett, JJ., concurred.

Judgment affirmed, with costs.