(66 App. Div. 590.)

## HALLENBERG v. GREENE et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. CORPORATIONS—DIRECTORS—FRAUDULENT ACT—INTERVENTION BY STOCK-HOLDER—ALLEGATION.

Allegations in a bill by a stockholder in a corporation against the directors and officers thereof to the effect that the directors and officers are acting fraudulently and in hostility to the interests of the corporation, lays a foundation for the intervention of a stockholder in behalf of the company.

2. SAME—EQUITY.

Where a complaint shows that the directors and officers of a corporation have obtained the control thereof to further their own schemes, and have obtained a contract from the corporation to transfer its property to rival companies controlled by themselves, without even a nominal consideration, a court of equity will intervene for the protection of the stockholders and creditors by injunction and the appointment of a receiver to represent the company.

3. SAME—APPEAL—ALLEGATIONS OF COMPLAINT.

On appeal from an order appointing receiver of a corporation and awarding an injunction restraining officers and directors from performing certain acts, the allegations of the complaint are to be taken as true.

4. SAME—FOREIGN CORPORATION—RECEIVER—INJUNCTION.

A resident of New York and a stockholder in an Arizona corporation sued in a court of New York on behalf of the corporation alleging fraud on the part of the officers and directors of the corporation, and that they were acting in hostility to the interests of the corporation; and an order was entered enjoining the corporation from collecting any debts or paying out or disposing of any of its property, and appointing a receiver of all its property, with authority to assume general charge and management of the business. Held, that an order of such character was unauthorized, inasmuch as the proper tribunal to appoint a general receiver, etc., was a court of general jurisdiction in the territory of Arizona.

5. SAME—JURISDICTION.

An injunction restraining a bank in Arizona from delivering deeds to certain defendants was void for want of jurisdiction where the bank had not been served with summons nor appeared in the suit.

**6. SAME—INJUNCTION.**

A resident of New York and a stockholder in an Arizona corporation sued on behalf of the corporation, seeking a receiver and injunction, the complaint alleging that the officers and directors had organized another corporation, and assumed to transfer the property of the former corporation to the latter; that the latter company was in possession of the property; that the corporation had instituted a suit in Mexico to recover possession of the properties, and a suit in Texas to recover a quantity of copper produced from the property, and another action to recover products of the property or the proceeds thereof in the state of New York, as well as an action in Arizona to restrain the delivery of title deeds to the second corporation. *Held*, that it was proper to grant a temporary injunction restraining the consummation of the contract and transfer, or delivery of the deeds, or any settlement and discontinuance of the actions pending in Mexico, Texas, and New York, or a transfer of the property involved in such action.

**7. SAME—PERMANENT INJUNCTION—JURISDICTION.**

Under Code Civ. Proc. § 1780, providing that an action against a foreign corporation may be maintained by a resident for any cause of action, the court having jurisdiction of the corporations and their common president would have jurisdiction, without infringing any rule of comity, to try the issue as to the fraudulent agreement, and to perpetually enjoin the consummation of the same, if shown; to require an accounting, and compel restoration of the corporation's property, even though the decree might operate on property beyond the jurisdiction of the court.

**8. SAME—JURISDICTION—FUND WITHIN STATE.**

Though the court in Arizona should appoint a receiver in the action there, its order could not operate on the fund claimed by the corporation in New York, a court of equity in New York having power to appoint a receiver of the fund to preserve it until a final judgment directing the disposition to be made thereof.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Suit by Axel M. Hallenberg against William C. Greene and others. From an order enjoining the defendant the Cobre Grande Copper Company, its officers and agents, from discontinuing certain actions and enjoining defendants Greene and George Mitchell from demanding from the defendant the Phœnix National Bank any documents constituting title to certain properties of the defendant the Cobre Grande Company, and enjoining said bank from delivering the same to any persons other than the said Cobre Grande Company or its receiver, and enjoining the latter company from collecting any debts, paying out or disposing of any of its property, and appointing Hugh Grant receiver of such company, defendants William C. Greene, of the Greene Consolidated Copper Company, the Cobre Grande Copper Company, and the Cananea Consolidated Copper Company appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTFR-SON, INGRAHAM, and LAUGHLIN, JJ.

William B. Hornblower, for appellants.
Henry G. Atwater, for respondent.

LAUGHLIN, J. The defendant the Cobre Grande Company, which for brevity we will refer to as the "Cobre Company," is a corporation organized under the laws of the territory of Arizona, as is also the defendant the Phœnix National Bank. The defendant the

Greene Consolidated Copper Company, which may be referred to as the "Greene Company," is a West Virginia corporation. The defendant the Cananea Copper Company, which we will designate the "Cananea Company," is a corporation organized under the laws of Mexico. All of the individual defendants, except Mitchell, are directors of the Cobre Company; the defendant Greene being also president of that company and of each other defendant company excepting the bank. At the times to which the plaintiff's allegations of fraud refer Mitchell was also a director of the Cobre Company; and it is further alleged that he and Greene and their associates, confederates, and agents are, and at all times since the organization of the Cananea Company and the Greene Company have been, in control and the actual managers thereof, and that said companies are mere tools, organized and used by Greene and his confederates to further their fraudulent schemes to ruin the Cobre Company. The plaintiff is a resident of the state and county of New York, and owns upwards of 8,000 shares of the capital stock of the Cobre Company, of the par value of $2.50 per share. He is also a general creditor of that company on promissory notes and other claims aggregating $40,000. The summons and complaint were personally served within this state upon all of the appellants.

The plaintiff's theory of his action is that it is brought by him as a stockholder in behalf of the Cobre Company; and in the complaint facts are alleged tending to show that the officers and directors of that company are acting fraudulently, in their own interests, and in hostility to the interests of the corporation, in the matters concerning which redress is sought in this action, and that consequently an application to them to bring this action would be useless and unavailing. These allegations lay a sufficient foundation for the direct intervention of a stockholder in behalf of the company (Barr v. Railroad Co., 96 N. Y. 444, 450; Gamble v. Water Co., 123 N. Y. 91–99, 25 N. E. 201, 9 L. R. A. 527; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. It is alleged in the complaint that the Cobre Company owns certain valuable mining properties in the republic of Mexico of the value of $5,000,000, which, together with the products thereof, constitute its sole assets, and that it acquired said mining properties under and by virtue of the assignment by Mitchell to it of a contract which had been made by and between him and Greene, who at that time owned said property; that the defendants Greene and Mitchell and their confederates formed a scheme to deprive the Cobre Company of said properties, and to acquire the same for themselves, and that by trickery, fraud, and force they wrongfully took possession thereof, and that thereafter the defendant Greene and his attorney, one Chase, organized the Cananea Company, and said Greene assumed to transfer said properties to that company; that the stock of the Cananea Company, immediately upon the organization of that company, was issued to the Greene Company, which took possession of, and still is operating, said mining properties, and claims to be the owner thereof; that the Cobre Company instituted a suit in the state of Sonora, republic of Mexico, where said mining properties are situated, to recover possession of the same from said Greene,

Mitchell, the Cananea Company, and the Greene Company, and to recover certain products of said mines alleged to have been appropriated by the defendants thus proceeded against; that at about the same time that the Cobre Company instituted the suit in Mexico it commenced a suit in equity against the defendants Greene, Mitchell, and the Phœnix National Bank in Arizona, where Greene resided, in aid of the legal proceedings in the courts of Mexico, and to enjoin the delivery of the title deeds to the Mexican mining property by Greene to the Cananea Company, which deeds were then held in escrow by the Phœnix National Bank, and to have the rights of the Cobre Company in and to said contract of sale and purchase determined and adjudged, and for an accounting; that a replevin action was brought by the Cobre Company in the state of Texas to recover a quantity of copper matte, the products of these mines, which had been mined and shipped by the Greene Company, and another replevin action in this state, also to recover a quantity of matte or the proceeds thereof, also the product of these mines; that each of said suits was meritorious and well founded in law and equity, and was necessary to protect the Cobre Company against the fraudulent designs of said Greene and his confederates; that thereafter the defendant Greene and the Greene Company, by him as its president, in conspiracy with the officers and directors of the Cobre Company, fraudulently contracted and agreed to purchase of the president of the Cobre Company a majority of the capital stock of that company, then held in trust by him, with power of sale, and that thereupon, and for an agreed consideration, which they were to receive for their own benefit, all of the directors of said Cobre Company should resign and directors should be elected who would consent to a settlement of all said litigations without any consideration whatever to the Cobre Company, which would leave it destitute of any assets with which to pay its debts, and effectually terminate its existence; that said fraudulent conspiracy had been substantially consummated, except as to the matters to which reference will be made presently, and thereupon the complaint in the suits pending in the courts of Arizona was dismissed, and a judgment entered by consent directing the bank to deliver the title papers to the defendants Greene and Mitchell; that Mitchell and each of the appellants are financially irresponsible, and that all of the acts of which complaint is made were done by them for the purpose of wrecking the Cobre Company, driving it out of business, and rendering its capital stock worthless.

The material allegations of the complaint are sustained by the affidavits presented by the plaintiff on his application for the injunction order and for the order appointing a receiver. The affidavits presented in opposition thereto have been omitted from the record on appeal by stipulation. Prior to the commencement of this suit, the plaintiff brought a suit in equity in Arizona against the same parties for the same relief and upon the same grounds, and obtained a similar injunction order therein. He also, in that action, applied for the appointment of a receiver for the Cobre Company, which application is still pending undetermined. It further appears that the said judgment dismissing the complaint in the suit in Arizona

by the Cobre Company was entered after the granting and service of the injunction order last mentioned, but the title deeds apparently have not been delivered, and the other litigations have not been settled.   The proceeds of the matte for which said replevin action is pending in the courts of this state amount to $28,000, and are held by a trust company within the state.   There are also averments in the complaint of fraudulent and illegal meetings of the board of directors of the Cobre Company, at which officers were illegally removed and elected, prior to obtaining possession of the property in Mexico by Greene and his confederates; but no special relief seems to be demanded because of the same.   The relief demanded in this action is that the further consummation of said fraudulent conspiracy to settle and discontinue the said litigations be permanently enjoined, and that the enforcement of the judgment in the Arizona suit, dismissing the complaint, and directing the delivery of the title deeds to Greene, be permanently enjoined, and that the defendants be enjoined from making any disposition of the interests of the property of the Cobre Company; that a receiver be appointed to take possession of the assets and property of that company, and to protect the same, and to prosecute said litigations, and to defend said company from the conspiracies and assaults of defendants, and to operate said mining properties; that defendants Greene and Mitchell be restrained from demanding or receiving said title papers from the Phœnix National Bank, and that said bank be restrained from delivering the same to them or any other persons, except the Cobre Company or said receiver; that the defendants Greene, Mitchell, the Cananea Company, and the Greene Company be required to account to the Cobre Company for its property, including the product of said mining property, and to account to the plaintiff for any damage sustained by him in consequence of the fraud and conspiracy alleged in the complaint.

The only question raised by the appellants on this appeal, as stated in their points, is whether the order appointing a receiver and granting an injunction was valid and regular.   Their claim is twofold:  (1) That the order is irregular on its face, and unauthorized upon such a complaint as this, either under the Code, or upon general principles of equity; and (2) that, in any event, the order must be limited to the property of the Cobre Company found within the jurisdiction of the court, and should be so modified.   According to the complaint and affidavits, the Cobre Company was not only a solvent corporation, but its assets were exceedingly valuable; and through conspiracy, fraud, and bribery the defendants Greene and Mitchell have obtained the management and control thereof to further their own schemes, in hostility to the interests of the other stockholders, and have actually obtained a contract from the Cobre Company to transfer to these rival companies, controlled and managed by Greene and Mitchell, all its property and property rights, without even a nominal consideration.   This fraudulent contract was being consummated with dispatch at the time of the commencement of this action, and the granting of the injunction herein. These allegations must be taken as true for the purposes of this

appeal, and it is evident that the inevitable consequence will be not only that the stock of the Cobre Company, of which the plaintiff is a large holder,—owning $1/25$ of the entire capital stock,—will be rendered worthless, but that there will be no assets with which to pay the claims of creditors, of whom, also, the plaintiff is one for a substantial amount. It needs no refinement of the decisions to show that the case thus presented is one for equitable cognizance. Within all of the authorities, a court of equity, in the proper jurisdiction, should intervene under such circumstances for the protection of the stockholders and creditors, both by injunction and by the appointment of a receiver to represent the company, since the directors, by thus grossly abusing their trust, have become disqualified to act. Treadwell v. Copper Co., 47 App. Div. 613, 62 N. Y. Supp. 708; Pondir v. Railroad Co., 78 Hun, 384, 25 N. Y. Supp. 560; Fennessy v. Ross, 90 Hun, 298, 35 N. Y. Supp. 868; Id., 5 App. Div. 342, 39 N. Y. Supp. 323; Farmers' L. & T. Co. v. New York & N. R. Co., 150 N. Y. 410, 425, 430, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689; Railroad Co. v. Arnold, 167 N. Y. 368, 374, 60 N. E. 647; Pearson v. Railroad Corp., 62 N. H. 537, 13 Am. St. Rep. 590; Pike Co. v. Hammons, 129 Ind. 368, 27 N. E. 487; Haywood v. Lumber Co., 64 Wis. 639, 26 N. W. 184; Miner v. Ice Co., 93 Mich. 97, 53 N. W. 218, 17 L. R. A. 412; Menier v. Telegraph Works, 9 Ch. App. 350; Beach, Rec. (2d Ed.) § 86; 2 Cook, Corp. §§ 650, 662; 7 Cook, Corp. § 8269; Perry, Trusts, § 427.

It by no means follows, however, that a court of equity, in this state, is the proper forum for the exercise of this general jurisdiction, and the granting of complete relief. The Cobre Company, as has been seen, is a foreign corporation, called into existence under the laws of the territory of Arizona, which prescribe its powers and regulate the manner and agencies by which they are to be exercised, and under which the corporation must be ultimately dissolved. The Cobre Company does not transact business here, and has no office, place of business, or property within this state, except the fund of $28,000 to which reference has been made. When the plaintiff became a stockholder in this foreign corporation, he is presumed to have purchased with knowledge of these facts. Although he is a resident of our state, and sues as a stockholder, he does not and could not sue in his own right, but in the right of the corporation, and to redress wrongs not personal or peculiar to himself, but to the corporation, and alike to all its stockholders. Alexander v. Donohee, 68 Hun, 131, 22 N. Y. Supp. 652; Id., 143 N. Y. 203, 211, 38 N. E. 263; Gardiner v. Pollard, 10 Bosw. 674; Greaves v. Gouge, 52 How. Prac. 58; Id., 69 N. Y. 154. It is unnecessary in this case, and it would be unwise, to attempt to define the extent of the jurisdiction of our courts over corporations organized in other states for the purpose of doing business here. The orders and decrees of a court have no extraterritorial effect or force. They can only be enforced directly against property within the state, or in personam against individuals or officers of corporations found within the jurisdiction of the court, and thereby affect property without the state. When a judgment against a foreign corporation would not be effectual with-

out the aid of the courts of a foreign country or of a sister state, and it may contravene the public policy of the foreign jurisdiction, or rest upon the construction of a foreign statute, the interpretation of which is not free from doubt,—as where the subject-matter of the litigation and the judgment would relate strictly to the internal affairs and management of the foreign corporation,—the court should decline jurisdiction, because such questions are of local administration, and should be relegated to the courts of the state or country under the laws of which the corporation was organized. Ives v. Smith (Sup.) 3 N. Y. Supp. 645, affirmed in (Sup.) 8 N. Y. Supp. 46; Delaware, L. & W. R. Co. v. New York, S. & W. R. Co., 12 Misc. Rep. 230, 33 N. Y. Supp. 1081; Vanderpoel v. Gorman, 140 N. Y. 563, 572, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601; Mabon v. Electric Co., 156 N. Y. 196, 50 N. E. 805; Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181; Kimbell v. Railway Co., 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250; Madden v. Light Co., 181 Pa. 617, 37 Atl. 817, 38 L. R. A. 638; Mining Co. v. Field, 64 Md. 154, 20 Atl. 1039; Gregory v. Railroad Co., 40 N. J. Eq. 44; 2 Cook, Stocks & S. 687.

The order in the case at bar, among other things, enjoins the Cobre Company from collecting any debts or paying out or disposing of any of its property or effects, and appoints a receiver of all its property, of every name, nature, and description, wherever situated, and authorizes the receiver to take possession of, sue for, and recover such property, and all debts, demands, and claims belonging to said company, and, in effect, to assume and take general charge and management of the business and affairs of the company. This order is altogether too broad, and is in conflict with the general rule already stated, which we think should be applied in this case. The proper tribunal to appoint a general receiver and to grant such a sweeping injunction order, practically restraining the exercise of the ordinary business of the corporation and the exercise by it of its charter powers, is a court of general jurisdiction in the territory of Arizona. In the action now pending there the plaintiff may be granted in that regard whatever relief he shows himself entitled to.

There was no jurisdiction to grant the injunction against the Phœnix Bank, it not having been served with the summons, and not having appeared in the action; and that part of the injunction, therefore, which purports to operate against said bank, must be vacated. The defendants Greene, the Cobre Company, the Cananea Company, and the Greene Company are all properly before the court. The trial court will therefore have jurisdiction of the parties, and may, we think, without infringing upon any rule of comity, or upon this rule forbidding interference with the internal affairs of a foreign corporation, try the issue as to this conspiracy and fraudulent agreement under which it is proposed, on the part of the appellants, to devest the Cobre Company of all its property without consideration, and may, if the facts shown and circumstances then existing seem to warrant that course, perpetually enjoin the consummation of such fraudulent contract and transfer of the property of the Cobre Company, and require an accounting, and compel the restoration of any of its

property appropriated by the defendants, even though such decree will operate upon property beyond the jurisdiction of the court. Section 1780, Code Civ. Proc.; Ives v. Smith (Sup.) 3 N. Y. Supp. 645; Id., 8 N. Y. Supp. 46; Ernst v. Gas. Co., 38 App. Div. 388, 56 N. Y. Supp. 403; Chase v. Phosphate Co., 32 App. Div. 400, 53 N. Y. Supp. 220; Prouty v. Railroad Co., 1 Hun, 655; Babcock v. Railway Co. (Sup.) 9 N. Y. Supp. 845. So far, therefore, as the temporary injunction restrains the further consummation of the fraudulent contract and transfer of the mining properties in Mexico, and the delivery of the deeds and title papers thereto, and the settlement of the actions pending in Mexico, Texas, and New York, or the transfer or delivery of the property involved in those actions, or the proceeds thereof, it was properly granted, and should be continued until the trial and decision of the action on the merits; and in all other respects, and as against the Phœnix National Bank, the injunction order should be dissolved.

If the court in Arizona should appoint a receiver, its order would not operate upon the fund belonging to the Cobre Company now in this state. On the case as presented, that fund is now in jeopardy, and liable to be lost to the creditors and stockholders of the Cobre Company through collusion, fraud, and mismanagement on the part of its directors. In such case a court of equity has inherent power, at the suit of a stockholder, to appoint a receiver of the fund to preserve it until the final judgment, which shall direct what disposition shall be made thereof in accordance with the rules and practice in courts of equity, and the rights of all the parties interested, as they shall then appear. Woerishoffer v. Construction Co., 6 Civ. Proc. R. 113; Redmond v. Hoge, 3 Hun, 171; Popper v. Supreme Council, 61 App. Div. 405, 70 N. Y. Supp. 637; Glines v. Supreme Sitting of Order of Iron Hall (Sup.) 21 N. Y. Supp. 543; Mabon v. Electric Co., 156 N. Y. 196, 50 N. E. 805; Graham v. Railroad Co., 102 U. S. 148, 161, 26 L. Ed. 106; Piza v. Butler, 90 Hun, 254, 35 N. Y. Supp. 721; Halpin v. Brewing Co., 91 Hun, 220, 36 N. Y. Supp. 151; Beach, Rec. (2d Ed.) § 86; Gluck & B. Rec. § 9.

The order appealed from should be modified as indicated, and as thus modified affirmed, with $10 costs and disbursements to appellants. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I do not think that we can reach anything but the fund here. I therefore dissent.

