578   PEOPLE ex rel. OAK HILL CEM. ASSN. v. PRATT.

FIFTH DEPARTMENT, JANUARY TERM, 1893.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
OAK HILL CEMETERY ASSOCIATION, RESPONDENT, v.
LUTHER A. PRATT AND OTHERS, ASSESSORS OF THE CITY
OF ROCHESTER, APPELLANTS.

*Costs in proceedings by* certiorari *to review tax assessments.*

Costs in proceedings by *certiorari* to review tax assessments, under cnapter 269 of
the Laws of 1880, are governed by that act and not by the provisions of the Code
in reference to costs in special proceedings generally.

By force of section 7 of that act, which declares that appeals may be taken in pro-
ceedings thereunder as from an order, and shall be heard and determined in like
manner, costs of such appeals, when allowed against assessors or other officers
whose proceedings are reviewed, as permitted by section 7 of the act, are to be
taxed as costs on appeals from orders under section 3239 of the Code of Civil
Procedure.

APPEAL by the defendants, Luther A. Pratt and others, assessors,
etc., from an order made at the Monroe Special Term, entered on
the 30th day of June, 1892, in the clerk's office of Monroe county,
directing a retaxation of costs.

*C. D. Keihl,* for the appellants.

*J D. Coffey,* for the respondent.

DWIGHT, P. J.:

The proceeding was by *certiorari* to review an assessment. It
went, by appeal of both parties, from the Special Term to the Gen-
eral Term, and thence to the Court of Appeals. The latter court
sustained the appeal of the relator, and made a final order in its
favor, with costs in the General Term and Court of Appeals. These
costs the clerk taxed as on appeals from orders. The Special Term
directed a retaxation and allowance of costs, as in an action, and
from that order this appeal is taken.

We think the clerk was right, and that the order for a retaxation
was erroneous. *Certiorari* is, no doubt, a special proceeding, and
the award and taxation of costs therein, generally, are governed by
section 3240 of the Code of Civil Procedure. But the case of
*certiorari* against assessors, to review their official action, is an excep-
tional one, and is governed, in respect to the award and taxation of

costs, by the provisions of chapter 269 of the Laws of 1880, which is the statute under which the proceeding is taken.

By section 6 of that statute it is provided that " costs shall not be allowed against assessors or other officers whose proceedings may be reviewed under this act, unless it shall appear to the court that they acted, with gross negligence, in bad faith or with malice." In the case of the *People ex rel. Smith, Jr.,* v. *Asten* (1 N. Y. St. Rep., 37) the Court of Appeals held that this provision (§ 6) relieved the assessors from costs only upon the hearing at Special Term on the return of the *certiorari ;* that an appeal from the determination there made was subsequently provided for (by § 7) and directed to be heard and determined, in like manner, as an appeal from an order ; and that the costs of such appeal might be awarded, in the discretion of the court, *under section* 3239 of the Code of Civil Procedure, which is the section providing for costs on appeals from orders.

Section 7, above referred to, of the act of 1880, provides for an appeal from the determination made under this act, which shall be taken " as from an order, and shall be heard and determined in like manner." The decision in the case of Asten (above), though announced in a very brief memorandum, is a distinct recognition by the Court of Appeals of the exceptional character of the special proceeding by *certiorari* against assessors, which is given by the act cited, and of the rule that the costs of appeals in that proceeding are to be allowed, if at all, as on appeals from orders, under section 3239, and not, as in actions, under section 3240 of the Code.

In the case of the *People ex rel. Wallkill Valley Railroad Company* v. *Keator* (101 N. Y., 612), the same court, referring to the provision of section 7 (above), to the effect that all appeals in this proceeding shall be heard and determined as appeals from orders, says : " We do not think that this is merely permissive, and that an appellant has the option to appeal either under the Code or under the section named. The provision is a part of the whole scheme, and was intended to provide the precise way in which an order, judgment or determination under that act could be reviewed." The language, " order, judgment or determination," here used is quoted from the statute, but the Court of Appeals insists that such final determination is an order and not a judgment. In the *People ex rel. Western Union Telegraph* v. *Dolan* (126 N. Y., 166, 179),

referring to the final determination appealed from, the court says: "The counsel calls it a judgment of the General Term; it is, in truth, an order, and has been so held to be by us;" citing the case of Keator (above).

We think we follow the plain indication of these cases when we hold that the proceeding by *certiorari* against assessors, given by chapter 269 of the Laws of 1880, is peculiar and exceptional among special proceedings; that it is governed in all respects by the act by which it is provided; that appeals therein are to be had and treated in all respects as appeals from orders, and that costs on such appeals, when allowed in the discretion of the court, are to be taxed as motion costs, and not as the costs of an appeal from a judgment.

The order of the Special Term should be reversed, and the taxation by the clerk confirmed, with costs.

MACOMBER and LEWIS, JJ., concurred.

Order for retaxation of costs appealed from reversed, with ten dollars costs and disbursements, and the taxation by the clerk confirmed.