<hr />

HENRY A. GILDERSLEEVE, as Trustee of THE NEPARA PARK LAND COMPANY, Respondent, *v.* G. HARRY LESTER, Individually, and as Trustee, etc., and Others, Appellants.

*Action to compel restitution of corporate property by one trustee against another — appointment of a receiver — transfer of corporate property to a trustee, by his own vote.*

By force of sections 1781 and 1782 of the Code of Civil Procedure, any one of the trustees of a corporation can bring and maintain an action to compel another trustee to account to the corporation, or to its creditors or stockholders, for money or property of the corporation illegally diverted by the defendant trustee from the corporate purposes.

In such an action, the court has power, under section 1810 of the Code of Civil Procedure, to appoint a receiver of the corporation, and, by its judgment, to

compel the defaulting trustee to account to such receiver for the property of the corporation which the trustee has misappropriated or lost by his breach of duty.

A trustee of a corporation can make no agreement for the appropriation of the property of the corporation of which he is a trustee, authorized by his own vote, that is valid as against the corporation.

Where a trustee has appropriated property of his corporation, it is no defense to an action brought to compel him to account for such property, that he was a creditor of the corporation, and voted as one of its trustees, for a transfer of its property to himself, as a creditor, to pay the debt that the corporation owed him, and that at a subsequent meeting of the trustees, he, by his own vote, carried a resolution to ratify such disposition of the property.

APPEAL by the defendants, G. Harry Lester, individually, and as a trustee of the Nepara Park Land Company, and others, from a judgment of the Supreme Court, dated the 8th day of April, 1892, and entered in the office of the clerk of the city and county of New York on the 11th day of July, 1892, upon a decision rendered at the New York Special Term.

*Louis C. Waehner*, for the appellants.

*Palmer & Boothby*, for the respondent.

INGRAHAM, J.:

This action is brought by plaintiff, as a trustee of the Nepara Park Land Company, to compel the defendants to account for their official conduct in the management and disposition of the funds and property of the said corporation committed to their charge, and to compel the defendant Lester to pay to the corporation of which he was trustee, any money and the value of any property which he has acquired himself, or transferred to others, or lost or wasted by a violation of his duty, under sections 1781 and 1782 of the Code.

The appellant strenuously insisted upon this appeal, as he did in the court below, that the plaintiff, as trustee, was not authorized to bring this action.

The action is brought under section 1781 of the Code, which provides that an action may be maintained against any one or more trustees, directors, managers or other officers of the corporation to procure a judgment compelling them to pay to the corporation which they represent or to its creditors any money and the value of any property which they have acquired to themselves or trans-

ferred to others, or lost or wasted by the violation of their duties. And by section 1782 it is provided that such an action may be brought by a trustee, director, manager or other officer of the corporation.

In the case of *The People* v. *Ballard* (134 N. Y. 269), the Court of Appeals held that such an action could be maintained by the Attorney-General on behalf of the People to compel a trustee to account to the corporation, and the same section that authorizes an action to be brought by the Attorney-General on behalf of the People, authorizes it to be brought by one trustee or director of the corporation.

We think, applying the principle determined in that case, that any one of the directors could bring this action. The plaintiff does not ask to recover any judgment, but does ask that a trustee be compelled to account to the corporation or to its creditors or stockholders for money or property of the corporation that such trustee has illegally diverted from the corporate purposes.

The trustee is simply named as an officer of the company to ask the interposition of the court to compel a defaulting trustee to restore to the corporation of which he was trustee property of the corporation which, by his breach of trust or wrongful act, has been lost to the corporation.

The court thus having jurisdiction of the subject-matter of the action and of the parties, has power to make such judgment as was necessary to protect the corporation or its stockholders, and for that purpose has, under section 1810 of the Code, power to appoint a receiver of the corporation in an action brought under the provisions of the sections before cited, and by its judgment compel such defaulting trustee to account to such receiver for the property of the corporation which he has misappropriated or lost by his breach of duty.

An examination of the testimony taken on the trial of this action has satisfied us that the findings of the court below were all sustained by the evidence, and that on the facts found by the court the defendants were clearly liable to the corporation.

The defendant Lester was a trustee, and the proposition that a trustee can make no agreement for the appropriation of the property of the corporation of which he is trustee, authorized by his

own vote, that is valid as against the corporation, is well settled and does not require a citation of cases to support it.

Here the trustee appropriated the property of the corporation and seeks to defeat the action to compel him to account for such prop, erty on the ground that he was a creditor of the corporation and voted as one of its trustees to transfer the property of the corporation to himself as a creditor to pay the debt that the corporation owed him, and then, at a subsequent meeting of the directors, by his own vote, carried a resolution to ratify such disposition of the property.

It is too clear for argument that such resolutions were voidable at the instance of the corporation or its creditors.

The decision of this case requires only the application of familiar principles well settled, and the judgment that was made was the necessary consequence of the facts found by the court below, and we think the judgment was in all respects 'right and should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.