JOSHUA SAMUEL PIZA, Respondent, v. ELLIOTT L. BUTLER, Individually and as Treasurer of THE NEW YORK FUR CUTTING COMPANY, and THE NEW YORK FUR CUTTING COMPANY, Appellants, Impleaded with Others.

*Action against a corporation and an officer thereof, under Code of Civil Procedure, sections 1781, 1782 — an injunction pendente lite and a receivership sustained.*

In an action brought by an officer and director of a corporation against a co-director and the corporation, under sections 1781 and 1782 of the Code of Civil Procedure, to compel such director to make restitution to the corporation for alleged violations of trust, for the appointment of a receiver and for other

relief, it appeared that if the facts were as stated by the plaintiff and one of his co-directors, the plaintiff was entitled to some portion of the relief demanded in the complaint.

Upon an appeal from an order granting a temporary injunction and appointing a receiver,

*Held,* that as it appeared that in order to make the judgment effectual it was desirable to preserve the present status, the granting of an injunction *pendente lite* was a proper exercise of the discretion vested in the court, and that the court had power in such an action to appoint a receiver.

APPEAL by the defendants, Elliott L. Butler, individually and as treasurer of The New York Fur Cutting Company, and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of June, 1895, enjoining and restraining the defendants from doing and performing certain acts respecting the affairs of The New York Fur Cutting Company and appointing a receiver of the property of the said New York Fur Cutting Company.

*Louis V. Booraem,* for the appellants.

*Lorenzo Ullo* and *Ernest E. Baldwin,* for the respondent.

PER CURIAM:

The plaintiff, who is one of the three directors and the president of the New York Fur Cutting Company, brought this action under and in pursuance of the provisions of subdivisions 1, 2, 5 and 6 of section 1781 of the Code, his authority to bring it being affirmed by section 1782 of the Code. (*Gildersleeve* v. *Lester,* 68 Hun, 532.)

The relief demanded in the complaint is: (1) That the defendant Elliott L. Butler, as treasurer and director of the corporation, be compelled to account for his official conduct in the management and disposition of the funds and property of the corporation.

(2) That he be compelled to pay to the corporation, or the holders of the notes signed by the manager, all the moneys which, in violation of his trust, the defendant Butler caused to be made payable by the corporation.

(3) That the alienation of the property of the corporation made by the defendant Butler by pledging the same for his own use and benefit be set aside, and that he be compelled to return it and to pay all damages sustained by reason of such alienation.

(4) That he be restrained from collecting any part of the insurance moneys due or claimed to be due by reason of the burning of the property of the corporation, or from paying out or parting with any of the property, securities or assets of the corporation, or from in any way interfering with them for the purpose of paying to himself or to his firm, Belt, Butler & Co., the amounts claimed to be owing to them by the corporation.

(5) That a receiver be appointed.

The New York Fur Cutting Company is a domestic corporation, organized in May, 1894, and succeeded to the business of a similar company having the same name, organized under the laws of New Jersey. Its three directors were the plaintiff, the defendant Butler and Staats M. Sackett. The plaintiff was the president, Butler the treasurer and Charles E. Sackett the general manager. Of the capital stock of $100,000 plaintiff held 360 shares, Belt, Butler & Co. 370, the defendant Butler 170, Staats M. Sackett 70, and Thomas J. Hand 30.

The treasurer, Butler, was also a member of the firm of Belt, Butler & Co. On the reorganization of the company its capital stock was entirely invested in its plant, and in contemplation of that fact an agreement was entered into by which the firm of Belt, Butler & Co. undertook to furnish by loan in account current, during two years succeeding the 19th of February, 1894, all the necessary moneys needed for the management of the business of the defendant corporation in an amount not less than $100,000. This agreement also provided that the defendant Butler should have the general supervision of the corporation.

In December, 1894, the plaintiff requested an account from Butler, together with an inventory of the assets of the corporation and the stock on hand. In response to this request he made a statement but it did not prove satisfactory to the plaintiff.

During the following month the factory of the company burned, together with all of its contents, the insurance policies thereon aggregating $167,000. Prior thereto the defendant Butler negotiated certain notes which he had procured the manager of the factory of the corporation to sign; they were indorsed by the firm of Belt, Butler & Co. and discounted.

He also pledged certain property, consisting of furs, of the value

of about $45,000. No authority was given for this action by any vote or special sanction of the board of directors. And it appears from the affidavits of the plaintiff and his co-director, Staats M. Sackett, that they were not informed of such facts until shortly prior to the commencement of this action. Butler also pledged the claims of the corporation to various creditors, under its policies of insurance, which covered its plant and contents which were destroyed by fire, and these facts, it appears, from the affidavits of the plaintiff and Staats M. Sackett, were not made known to them until after the commencement of this action.

Complaint is also made that Butler omitted to sell the furs so pledged when he had opportunities to do so at advantageous prices, although urged so to do by his co-directors, and that they were pledged and alienated as security for loans.

On the motion for the appointment of a receiver, the defendant Butler contended that what he did as treasurer was justified by the agreement entered into between himself, the plaintiff and Belt, Butler & Co. If what has been done is correctly described in the affidavits presented on the part of the plaintiff on this motion, we are not able to agree with the contention that every act is fully justified by its provisions. But, in some important respects, the affidavits are in conflict, and it is quite apparent from their reading that the result of a trial will be a harmonious and connected account of all the transactions, unaffected by the shading which the interests of the parties seem to have given to the affidavits, on the one or both sides.

Because of that fact, it is not our purpose to give expression to any views which may possibly affect the disposition to be made of the case when it comes on for trial on the merits.

But, if the facts be substantially as stated by the plaintiff and his co-director, Staats M. Sackett, it is apparent that the plaintiff will be entitled to some portion of the relief, at least, which he demands in the complaint. And to make the judgment effectual it is apparently desirable, if not absolutely necessary, to preserve the present status, and to that end the granting of the injunction appears to have been a proper exercise of the discretion vested in the Special Term. We are also of the opinion that so much of the order as appoints a temporary receiver should not be interfered with.

The power of the court to make the appointment cannot be doubted, and under its direction he will doubtless so act as to protect and preserve the interests of all the parties pending the final determination of the questions involved by a proper judgment.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.