## DETERMINED IN THE

# FIRST DEPARTMENT

### AT

## GENERAL TERM,

## November, 1895.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BLEECKER STREET AND FULTON FERRY RAILROAD COMPANY, Respondent, *v.* EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments of the City of New York, Appellants, Impleaded with THE BOARD OF ALDERMEN OF THE CITY OF NEW YORK.

*Costs in proceedings by certiorari under chapter 269 of 1880 are governed by said act.*

Costs in proceedings by certiorari to review assessments under chapter 269 of the Laws of 1880, are governed by such act and not by the provisions of the Code of Civil Procedure.

Under section 7 of chapter 269 of the Laws of 1880, the costs on appeal when allowed against assessors or other officers, upon a reversal of their proceedings, must be taxed as costs on appeals from orders under section 3239 of the Code of Civil Procedure.

APPEAL by Edward P. Barker and others, as commissioners of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of July, 1895, granting the relator's motion for a new taxation of the costs herein and directing a retaxation of the same.

*James M. Ward,* for the appellants.

*George L. Hoffman,* for the respondent.

PER CURIAM:

*People ex rel. Oak Hill Cemetery Association* v. *Pratt* (66 Hun, 578, affirmed without opinion in 138 N. Y. 655) is in point and controlling upon the question presented on this appeal. In that case it appeared that the Court of Appeals made a final order in favor of the relator with costs in General Term and Court of Appeals. The clerk taxed the costs as on appeals from orders granted on motion. The Special Term ordered a retaxation and directed that costs in the Court of Appeals should be taxed as in an action. In reversing the Special Term and sustaining the taxation made by the clerk, the court held that the costs in proceedings by certiorari to review assessments under chapter 269 of the Laws of 1880 are governed by that act and not by the provisions of the Code; that under section 7 of that act the costs on appeal when allowed against assessors or other officers, when proceedings are reversed, must be taxed as costs on appeals from orders under section 3239 of the Code of Civil Procedure. In view of that decision it must be held that *White* v. *Anthony* (23 N. Y. 164) and *Brown* v. *Leigh* (50 id. 427) do not apply.

The order appealed from should be reversed, with ten dollars costs and disbursements and the taxation of the clerk confirmed.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements and taxation of clerk confirmed.