PEOPLE ex rel. BEMUS et al. v. FLAGG et al.

(Supreme Court, Special Term, Cattaraugus County.   November, 1897.)

COSTS ON CERTIORARI—NEGLIGENT ASSESSORS.

> Laws 1896, c. 908, § 254, provides that costs shall be allowed against officers whose proceedings are reviewed on certiorari, if they acted with gross negligence in making the assessment. Code, § 2143, provides that not exceeding $50 and disbursements may be allowed by final order against either party in proceeding on certiorari.  Held, that where, on such proceeding, the court found that the assessors acted with gross negligence, and directed costs to be assessed as provided by law, costs to the amount of $50 should be assessed.

Certiorari by the people of the state of New York, on relation of John M. Bemus and another, against Amos Flagg and others, assessors.   Motion by petitioners for an order fixing their costs.

Ansley & Spencer, for plaintiffs.
James G. Johnson, for defendants.

TITUS, J.   This is a motion by the plaintiffs for an order fixing the costs of the plaintiffs in the above-entitled proceeding, and the facts appear in the moving affidavits as follows:   The defendants are assessors of the town of Elko, in the county of Cattaraugus, and the relator, being dissatisfied with the assessment of his property, instituted proceedings by certiorari in the supreme court, to review the assessment, pursuant to the provisions of chapter 908 of the Laws of 1896, being a re-enactment of chapter 269 of the Laws of 1880. The special term referred the questions raised by the return to the writ of certiorari to a referee, to take proof, and report to the court, with his opinion.   The referee took such proof, and made his report, in which he found that the assessment was unequal, and that the assessors, in making the relator's assessment, had acted with gross negligence, and, on the coming in of the report, the court made an order "that the relator recover of said assessors the costs and disbursements of such proceedings, to be fixed as provided by the Code of Civil Procedure in certiorari proceedings, by the clerk of Cattaraugus county"; that no sum was fixed by the court, and the plaintiffs' counsel proceeded to prepare a bill of costs and disbursements, which was submitted to the clerk of Cattaraugus county, and he refused to tax the same, and then the plaintiffs made application for an order, as stated, fixing the amount of costs.   By the provisions of chapter 908 of the Laws of 1896 (section 254), costs shall not be allowed against officers whose proceedings may be reviewed under any writ of certiorari, unless it shall appear to the court that they acted with gross negligence, or in bad faith, in making the assessment complained of. The same section also provides that, if the writ shall be quashed or

the prayer of the petitioner denied, costs shall be allowed against the petitioner, not exceeding the costs and disbursements taxable in an action upon the trial of issues of fact in the supreme court. It will be seen that the court may, in its discretion, award costs against the assessors when they acted with gross negligence; but no provision is made as to the amount or as to the procedure by which the costs shall be ascertained and fixed, as the latter provision of this section simply provides for the fixing of costs when they are allowed against the relators, namely, that they shall be taxable as in an action upon the trial of an issue of fact in the supreme court; but that provision of the section does not provide for the taxation of costs when they are awarded against the assessors. The practice on writs of certiorari is provided by the Code of Civil Procedure, and section 1997 of the Code provides that the final determination of the rights of parties to a special proceeding instituted by a state writ—and a writ of certiorari to review the determination of an inferior tribunal is a state writ (section 1991)—is styled a "final order." There is no provision in the law for taxation of costs other than motion costs on making an order, and the cases referred to by counsel in their briefs (People v. Pratt, 66 Hun, 578, 21 N. Y. Supp. 853, and People v. Barker, 90 Hun, 254, 35 N. Y. Supp. 803) have reference simply to the amount of costs to which a party is entitled on an appeal from an order reviewing the determination of the assessors; and resort must therefore be had to the provisions of the Code relating to proceedings in certiorari in determining the amount of costs to which a party is entitled. Section 2143 of the Code provides that not exceeding $50 and disbursements may be allowed by the final order against either party in proceedings on certiorari; and it seems to me that this section of the Code controls the awarding of costs in these proceedings.

The court, in making the final order, did not fix the amount of costs which should be awarded against the assessors, but simply provided that they should be charged with costs. It was the duty of the court in that order to have fixed the amount of costs which should be awarded to the relator; and, as it was not done, there does not seem to be any reason why the court may not now fix the amount to which the relator is entitled. The relator, in his moving papers, has stated at length all of the steps taken and proceedings had on the hearing of the return to the writ, which are not controverted by the defendants, and all of the facts which are necessary to enable the court to fix the costs are now before it; and it seems clearly the duty of the court, on this application, to fix an amount to which the relator is entitled. I think that the work in the proceeding was reasonably worth the sum of $50, and that sum is fixed as the amount to which the relator is entitled, together with the disbursements of that proceeding; and the clerk of Cattaraugus county is directed to tax the sum of $50 costs to the relator, with the disbursements. The question is new, and no authority can be found as a precedent, and the order will be granted without costs of this motion.