GOSS v. WARP TWISTING-IN MACH. CO. et al.

(Supreme Court, Appellate Division, Second Department.  June 4, 1909.)

1. CORPORATIONS (§ 321*)—INSOLVENCY—RECEIVERS—APPOINTMENT.
   Code Civ. Proc. § 1810, providing that a receiver of the property of a corporation can be appointed only by the court in an action brought as prescribed in articles 2, 3, and 4 of the title, did not limit the court's jurisdiction to appoint a receiver to actions brought by the Attorney General, but extended such jurisdiction to all actions provided for by section 1781, including an action by a director to compel the officers and directors to account for their management of the corporation and its assets.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 321.*]

2. CORPORATIONS (§ 321*)—RECEIVERS—INJUNCTION.
   Code Civ. Proc. § 1809, provides that an injunction restraining a trustee, director, or other officer of a corporation from the performance of his duties can be granted only by the court on notice of the application therefor to the proper officer of the corporation or association, or to the trustee, director, or other officer enjoined, and that, if such an order is otherwise made, it shall be void.  Held, that an order to show cause, in an action by a director, why a receiver for the corporation should not be granted, constituted a sufficient notice of an application for an injunction restraining the officers or directors from interfering with the corporation's affairs as ancillary relief.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 321.*]

3. CORPORATIONS (§ 321*)—INSOLVENCY—RECEIVERS—INJUNCTION AGAINST OFFICERS.
   Where, in an action by a director, a receiver was appointed for the corporation in a suit to compel its officers and directors to account, an injunction was properly granted restraining the officers and directors from interfering with the corporation's property, or doing any acts which would in any manner interfere with the receiver, as ancillary to the appointment of the receiver, though the complaint did not ask for injunctive relief.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 321.*]

Appeal from Special Term, Orange County.

Action by Albert Goss against the Warp Twisting-In Machine Company and others.  From so much of an order, in dissolution proceedings against defendant corporation, as appointed a receiver and granted a temporary injunction restraining the officers from performing any act with reference to the corporation, they appeal.  Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

J. De P. Lynch (Emerson M. Willis, on the brief), for appellants.
William D. McNulty, for respondent.

WOODWARD, J.  Albert Goss, an officer and director of the Warp Twisting-In Machine Company, brings this action under the provisions of sections 1781, 1782, of the Code of Civil Procedure, against the officers and directors of said corporation, to call them to account for the management of the corporation and its assets.  The order appealed from was made after a hearing held pursuant to an order to show cause, and grants the following relief:  (a) It appoints a temporary receiver of the defendant corporation;  (b) it restrains the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant Benjamin Adriance from negotiating certain promissory notes of the company held by him, or from selling bonds and stock of the corporation held by him as security for such notes; (c) it restrains the defendants, who are the officers and directors of the defendant corporation, from acting in any manner as such officers or directors and from interfering in any way with the receiver; and (d) it restrains the creditors of the corporation from beginning or prosecuting any actions against the defendant corporation. The appellants do not seek to disturb the order in so far as it restrains the defendant Benjamin Adriance, nor in so far as it restrains the creditors from suing; but it is strenuously urged that the order appointing a receiver, and restraining the defendants from exercising their offices, is not justified.

It is contended by the appellants in their first point that the portion of the order appealed from which restrains the officers and directors of the defendant corporation from performing any acts whatever as officers or directors of said corporation is absolutely void; the argument being that the authority of the court in this proceeding must be found in the statute, and not in its general equitable powers, and that the only express authority for the granting of injunctions relating to the powers of officers and directors is to be found in connection with actions brought by the Attorney General in sections 1787 and 1802 of the Code of Civil Procedure. We are of the opinion that the appellants mistake the law upon this point. This action is brought under the provisions of subdivisions 1, 2, 5, and 6 of section 1781 of the Code of Civil Procedure, which is a part of article 2 of chapter 15 of title 2. Section 1810 of the Code of Civil Procedure, which is a part of article 5 of chapter 15 of title 2, provides that a receiver of the property of a corporation can be appointed only by the court, and in one of the following causes:

"(1) An action, brought as prescribed in article second, third or fourth of this title."

There is no limitation suggested that the injunction is to be confined to actions brought by the Attorney General. It relates to all actions provided for by section 1781 of the Code of Civil Procedure, and the right of the court to appoint a receiver in this action carries with it, by necessary implication, the right to enjoin the officers and directors from interfering with the property, or doing any acts which shall in any manner interfere with the receiver. Piza v. Butler, 90 Hun, 254, 35 N. Y. Supp. 721; Hallenborg v. Greene, 66 App. Div. 590, 599, 73 N. Y. Supp. 403. That the Legislature contemplated that courts having jurisdiction of an action under these provisions of the Code of Civil Procedure, should have the usual powers of courts to make their receiverships effectual, is plainly evidenced by the provisions of section 1809 of the Code of Civil Procedure, which provides that an injunction order "restraining from the performance of his duties, a trustee, director, or other officer thereof, can be granted only by the court, upon notice of the application therefor, to the proper officer of the corporation or association, or to the trustee, director, or other officer enjoined," and that, if such an order is made otherwise than as prescribed in this section, it is void.

In the case now before us the order was granted upon the hearing of an order to show cause, which is clearly a notice of the application for such injunction, distinguishing the proceeding from an ordinary ex parte order of injunction. The order merely seeks to preserve the present status of the property and affairs of the corporation pending the litigation, and the fact that the complaint does not ask for injunctive relief is of no importance. It does ask for the appointment of a temporary receiver, and the order of injunction is in aid of such receivership. It is an incident of the relief demanded in the appointment of the receiver. Hallenborg v. Greene, supra, 66 App. Div. 599, 73 N. Y. Supp. 403.

We think the complaint sets forth a cause of action, and that the order appealed from should be affirmed. The suggestion that the order prevents the defendants taking the necessary steps to institute a proceeding in bankruptcy, and thus violates the federal statutes, is far-fetched. The order merely restrains them pending the further order of the court, and if it was proper or advisable to institute a bankruptcy proceeding the court has ample power to modify its order to that extent upon a proper application.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.