*⨍&.7 NY57vo*

ORMSBY McHARG, Respondent, v. COMMONWEALTH FINANCE CORPORATION and Others, Defendants.

LAURENCE McGUIRE and JAMES E. LANDY, Appellants.

First Department, April 1, 1921.

Corporations — receivers — jurisdiction to appoint receiver of foreign corporation — action by stockholder for accounting and appointment of receiver — stipulation between parties discontinuing action without costs — plaintiff personally liable for services and expenses of receivers.

The courts of this State have jurisdiction to intervene in behalf of stockholders of a foreign corporation and, through a receivership of the property within the jurisdiction of the court, to preserve the assets of the corporation against waste, unlawful diversion or mismanagement.

In an action by a stockholder of a foreign corporation in the right of the company for an accounting by the directors for acts of waste and negligence and for the appointment of receivers, in which receivers were appointed who entered on their duties and incurred expenses but were restrained from taking possession of the property of the defendant, the plaintiff is personally liable for the services, disbursements and counsel fees of the receivers, where he entered into a stipulation with the defendants to discontinue the action without costs and to have the order appointing the receivers vacated, and moved on notice to the receivers only for an order of discontinuance. His liability rests not only on the ground of the stipulation whereby he relieved the defendants of liability but also on the ground that the defendants did not have notice of the application.

Neither the corporation nor the individual defendants can be compelled to bear the expenses of the receivership without proof that the facts warranted the appointment of the receivers; that issue was not determined.

APPEAL by Laurence McGuire and another, as receivers of the defendant Commonwealth Finance Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1921, discontinuing the action without making any provision for the payment of the expenses of said receivership and the compensation of said receivers.

*John J. Kirby* of counsel [*John Delahunty,* attorney], for the appellants.

*Benjamin F. Schreiber* of counsel [*Alfred Rathheim* with him on the brief; *Benjamin F. Schreiber,* attorney], for the respondent.

LAUGHLIN, J.:

This is an action by a stockholder of the defendant company, which is a foreign corporation, in the right of the company for an accounting by the directors for acts of waste and negligence, and for the appointment of receivers, and for an injunction restraining the directors from interfering with the possession of the receivers.

The action was commenced on the 10th of September, 1920. Defendants all appeared and joined issue on some of the material allegations of the complaint. Plaintiff thereafter moved for the appointment of a receiver of the property of the corporation within this jurisdiction, and the appellants were duly appointed receivers on the 11th of December, 1920, and they duly qualified that day and filed an undertaking in the sum of $100,000, as required by the order appointing them, which was duly approved as provided in the order, and they incurred liability for or paid a premium of $500 therefor. The receivers entered upon the performance of their duties and employed and consulted with an attorney and proceeded to take charge of the property of the company, but on arriving at its place of business were advised that an order to show cause containing a stay of proceedings on the order appointing them as receivers had been granted by one of the associate justices of this court, and later on such an order was served on them. It required them to show cause why the stay should

First Department, April, 1921. [Vol. 195.

not be continued, pending the appeal from the order appointing the receivers. Thereupon, with the consent and approval of the attorney for the plaintiff, they employed counsel to represent them on the return of the order and advised with him. Their attorney and counsel appeared and represented them on the return day of the order to show cause. The stay was continued pending the appeal from the order. In the meantime, a similar action was brought by one Canham, a stockholder of the company, in his own behalf and in behalf of all other stockholders similarly situated, and the plaintiff therein is represented by the attorney who is the attorney of record for the plaintiff herein, and a motion was made therein for the appointment of ancillary receivers and the motion was granted; but the order appointing the receivers had not been entered when the order now under review was made. The plaintiff on affidavits made by himself and his attorney showing these facts, and on a stipulation signed by the attorneys for all the parties to the action to the effect that this action might be discontinued without costs to any party against the other, that the order appointing the receivers might be vacated and set aside, that the undertaking filed by the receivers might be canceled and discharged, and that the receivers might be discharged, and that the notice of appeal from the order appointing the receivers might be withdrawn and the appeal dismissed, and that an order to that effect might be entered without notice, moved on notice to the receivers and to their attorney for the order of discontinuance and for the other relief specified in the stipulation. The motion was opposed by the receivers on an affidavit made by one of them and another• by their attorney, showing the services they had rendered and the expenses they had incurred, and praying that the value of their services and the amount of their disbursements and a reasonable allowance for the services of their attorney and counsel be ascertained and that the plaintiff be required to pay the same. Their objection to the discontinuance of the action without any provision being made for payment for their services and for reimbursing them for their expenses and providing an allowance for their attorney and counsel was overruled on the ground, as shown by the memorandum opinion, that there was no authority for requiring such

payment by the plaintiff, and that inasmuch as the company had no notice of the motion, payment could not be required by it.

Without regard to whether a domiciliary receiver of a foreign corporation has been appointed, the courts of a State in which the corporation has property have jurisdiction to intervene in behalf of stockholders and, through a receivership of the property within the jurisdiction of the court, to preserve the assets of the corporation against waste, unlawful diversion or mismanagement; and, therefore, even though plaintiff improperly invoked the jurisdiction of the court, there was jurisdiction to appoint the receivers. (*Goss* v. *Warp Twisting In Machine Co.*, 133 App. Div. 122; *Hallenborg* v. *Greene*, 66 id. 590; *MacNabb* v. *Porter Air-Lighter Co.*, 44 id. 102; *Woerishoffer* v. *North River Construction Co.*, 6 Civ. Proc. Rep. 113; affd., 99 N. Y. 398; *Mabon* v. *Ongley Electric Co.*, 156 id. 196.) Of course, payment could not be required of the defendant company or the individual defendants, not only on the ground that they had no notice of an application for such relief, but because the plaintiff had stipulated with them that the order appointing the receivers be vacated and the appeal withdrawn and the receivers discharged and their bond canceled, and the action might be discontinued without costs. There was no determination of the issues on the merits, and manifestly neither the corporation nor the individual defendants could be compelled to bear the expenses of the receivership without proof that the facts warranted the appointment of the receivers. That was an issue presented by the pleadings, but the plaintiff in his desire to discontinue the action withdrew the issue without any adjudication thereon. The other theory, however, on which the request of the receivers was disregarded plainly is erroneous. The receivers were officers of the court and they were appointed as such at the instance of the plaintiff, who presented facts showing a *prima facie* case for their appointment. It is the duty of the court to protect and enforce the rights of its receivers. If the action had been continued and the theory on which they were appointed was sustained, their expenses and their commissions would come out of the funds of which they were given the custody; but where, as here,

plaintiff relieves the corporation and other defendants from all liability by stipulating for a discontinuance, he personally thereby assumes responsibility for the payment of the services and disbursements of the receivers, and the value and amount thereof may be determined by the court by a reference and he should be required to pay the same. (*Willis* v. *Sharp*, 12 N. Y. Supp. 120; *Weston* v. *Watts*, 45 Hun, 219; *Pittsfield Nat. Bank* v. *Bayne*, 140 N. Y. 321–331; *Erwin* v. *Collier*, 2 Mont. 605; *McAnrow* v. *Martin*, 183 Ill. 473; *Horn* v. *Bohne*, 96 Md. 8; *Ogden City* v. *Bear Lake & River Water-Works & Irr. Co.*, 52 Pac. Rep. 697; *City of St. Louis* v. *St. Louis Gaslight Co.*, 11 Mo. App. 237; High Receivers, §§ 796, 796-a, 805, 809-a; 34 Cyc. 352.)

It follows that the order should be modified, with ten dollars costs and disbursements to appellants, by adding after the last paragraph thereof a new paragraph as follows: "And it is further ordered that the plaintiff pay to the receivers reasonable compensation for their time and services and their necessary disbursements and the reasonable value of the services of their attorney and counsel and that a referee be appointed to take evidence with respect thereto and report the same together with his opinion thereon and that the action shall be deemed continued for those purposes only until the payment by the plaintiff of such compensation, disbursements and expenses when determined by the court and the costs of the appeal and ten dollars costs for opposing the motion and the costs of the reference, but shall be deemed discontinued as against the defendants," and the matter is remitted to the Special Term for the appointment of a referee and the further steps specified.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Order modified, with ten dollars costs and disbursements to appellants, by adding the provision stated in opinion, and the matter remitted to the Special Term for the appointment of a referee and the further steps specified. Settle order on notice.