AUGUSTA M. CLARK, Plaintiff, *v.* NELSON SHERWOOD CLARK, Defendant.

.Supreme Court, New York County, June 28, 1928.

**Receivers — compensation — receiver entitled to compensation for services rendered although litigation settled on merits before termination.**

The receiver in this action seeks compensation for services rendered and for disbursements. The receiver qualified, paid the premiums on his bond, and performed services. A motion to vacate the receivership was denied in the court below, and that decision was affirmed by the Appellate Division, but before an appeal therefrom reached the Court of Appeals, the matter was settled out of court. Inasmuch as the Appellate Division passed upon the merits of the controversy in favor of the plaintiff, the subsequent adjustment of the matters in dispute cannot deprive the receiver of his right to a just compensation and to be reimbursed for money paid out.

APPLICATION by receiver for compensation.

*Joseph M. Paley*, for the plaintiff.

*Mortimer Kraus*, for the defendant Clark.

*Olney & Comstock* [*Irving Smith, Jr.*, of counsel], for Farmers Loan and Trust Company.

*Max Lazarus*, receiver in person.

LEVY, J. By this application the receiver in this action seeks compensation for services rendered and disbursements expended. He was appointed for the benefit of plaintiff in respect to a certain trust fund held by the Farmers Loan and Trust Company, as trustee for defendant. He qualified, paid the premiums on the bond, had various conferences with plaintiff's attorney, appeared upon the argument to vacate the receivership, caused certain papers to be served on the trustee's attorneys and performed various other acts incident to his office. The trust company moved to vacate the receivership order, but was defeated in its effort. An appeal to the Appellate Division (218 App. Div. 715) resulted in affirmance and leave was thereupon granted to appeal to the Court of Appeals (218 App. Div. 770). Thereafter, without any notice to the receiver, the action was settled by an allowance being made out of the trust income for the benefit of the infant child of the parties, together with payment of counsel fees of plaintiff's attorney, but no provision whatever was made for the receiver.

Considerable has been written, particularly at Special Term, which is not altogether consistent (*Kingsland* v. *Hecht*, N. Y. L. J. Jan. 21, 1914, p. 1971; SEABURY, J.; *Matter of Tracey* v. *Oliver*,

Id. Jan. 27, 1914, p. 2085, LEHMAN, J.; *Eltoma Realty Co.* v. *Zitelli,* Id. May 31, 1917, p. 802, KELLY, J.; *Bookstein* v. *Di Monda,* Id. Apr. 17, 1925, p. 241, CALLAGHAN, J.), but the receiver's right to be reimbursed is strongly supported by the decision of the Appellate Division in this department in *McHarg* v. *Commonwealth Finance Corporation* (195 App. Div. 862, 865, 866), where it was said: " The receivers were officers of the court and they were appointed as such at the instance of the plaintiff, who presented facts showing a *prima facie* case for their appointment. *It is the duty of the court to protect and enforce the rights of its receivers.* If the action had been continued and the theory on which they were appointed was sustained, their expenses and their commissions would come out of the funds of which they were given the custody; but where, as here, plaintiff relieves the corporation and other defendants from all liability by stipulating for a discontinuance, he personally thereby assumes responsibility for the payment of the services and disbursements of the receivers, and the value and amount thereof may be determined by the court by a reference and he should be required to pay the same." (Italics mine.)

To the same effect is the utterance of Mr. Justice KELLY at Special Term in *Eltoma Realty Co.* v. *Zitelli (supra),* where an order of discontinuance of the action without notice to the receiver was vacated in order to enable him to apply for a proper allowance. This, notwithstanding the fact that he merely *attempted* to collect rents and dispossess certain tenants without any success. In the *McHarg* case, too, the receivers had not obtained any property on which a commission could be computed, but they had rendered services and incurred certain items of disbursement until stayed. Plaintiff was directed to pay there because by a discontinuance of the action he prevented an adjudication which might have fixed the liability of the defendants. In the instant case, however, the Appellate Division has passed upon the merits of the controversy in chief in favor of plaintiff; and while the parties have subsequently adjusted their differences and discontinued the action before defendant prosecuted the appeal in the Court of Appeals, nevertheless, the determination remains effective. Defendant should, therefore, in all good conscience be required to bear the expense of the receivership, which is fixed in the sum of $150 for the services, together with disbursements, to be paid out of the trust estate. Settle order.