In the Matter of 263 WEST 38TH STREET CORPORATION, Judgment-Creditor-Respondent, against MORRIS H. KOBRINETZ, Judgment Debtor.

HARRY GIDINSKY, Third Party, Appellant, and ALFRED J. KENNEDY, JR., as Receiver of MORRIS H. KOBRINETZ, Respondent.

Supreme Court, Appellate Term, First Department, February 7, 1946.

*David Haar* and *Max Rollt* for appellant.

*Edward J. Gould* for Alfred J. Kennedy, Jr., as receiver, respondent.

*Samuel Komoroff* for judgment-creditor-respondent.

*Per Curiam.* The third party was found to have funds of the judgment debtor amounting to $7,258.85 in his possession which

he acquired through fraud of two judgment creditors, one with a judgment of $2,283.36 and the other with which we are concerned upon this appeal where judgment amounted to $1,859.43. The receiver appointed in supplementary proceedings had this fraudulent transaction avoided by a judgment in an appropriate action in the Supreme Court. The judgment required the third party to pay the amount of same '' and such further sum as shall be fixed by the Court where such receivership is pending to pay the costs, disbursements, commissions and counsel fees of said receivership.'' This provision was stricken out on appeal to the Court of Appeals which held that '' Whether such payment shall be made to the plaintiff receiver must be determined by the court which appointed him.'' (*Dailey* v. *Gidinsky,* 293 N. Y. 889.) The third party paid $1,859.43, the amount of the judgment, to the receiver and, after paying the other judgment, still holds $2,158.15 of the fraudulently transferred funds. The City Court on motion directed same to be paid to the receiver, that he account and that in the accounting his fees and expenses would be fixed. We think the City Court was empowered to do this under the judgment and pursuant to sections 804-a and 1547 of the Civil Practice Act. The requirement that the judgment debtor and the fraudulently transferred funds still in the hands of the third party pay the expenses of the receivership necessarily rendered to set aside such transfer seems legal and proper. The third party proceeding and the receivership in supplementary proceedings survived the action for the purpose of effectuating the directions and provisions of the judgment. The payment of the amounts found by the judgment to be due and payable to the judgment creditors in satisfaction of their direct claims, the collection of which was impaired, impeded and delayed by the transfer, did not cut off the right of the receiver as plaintiff to relief for compensation and expenses as directed by the judgment and the modification thereof by the Court of Appeals. The judgment declared liens and imposed a trust upon the entire funds for the payment of plaintiffs' claims, including, we think, the compensation and expenses of the receivership, as well as the actual amounts directed to be paid the judgment creditors, and provided that plaintiffs could apply at the foot thereof for further relief, including provision for collection. We feel the trust funds so impressed with liens are still rendered available for such payment, and it is unnecessary to decide as between the third party and the judgment debtor which of them is entitled to the balance.

The order should be affirmed, with $10 costs and disbursements.

EDER, J. (dissenting). This is an appeal from an order entered in the City Court, New York County, directing appellant Gidinsky, a third party, to pay over moneys to the receiver for receivership expenses.

The above-named corporation, on June 18, 1940, recovered a judgment in the City Court, New York County, against the debtor for the sum of $1,543.48; execution was returned unsatisfied; supplementary proceedings were instituted in that court and respondent Kennedy was appointed receiver of the property of the debtor. Examination disclosed certain transfers by the debtor to the appellant; as a consequence the respondent (in conjunction with one Dailey, trustee of the judgment creditor) brought, in the Supreme Court, a judgment creditor's suit to void them as fraudulent, and succeeded in that action.

The judgment of the Supreme Court made various dispositions of the sums to be paid to the parties concerned. The court found that the transfers totaled $7,258.85. Insofar as the right of the respondent to participate therein was concerned the said judgment directed the appellant to pay to him, Kennedy, the amount of said judgment recovered against the debtor by the creditor in the City Court action, to wit, $1,543.48, plus interest of $315.95 totaling in all the sum of $1,859.43.

The Supreme Court judgment further directed the appellant to pay in addition to this sum " such further sum as shall be fixed by the court where such receivership is pending to pay the costs, disbursements, commissions and counsel fees of said receivership."

Upon appeal to the Court of Appeals (*Dailey* v. *Gidinsky*, 293 N. Y. 889, 890), this quoted provision was stricken out. The court said: " Whether such payment shall be made to the plaintiff receiver must be determined by the court which appointed him. (Civ. Prac. Act, §§ 804-a, 1547.) "

The respondent moved the court below, to direct the appellant, *as a third party*, to pay over to him a sum of $2,158.15 to be utilized to pay the expenses of the receivership; the court granted the motion and this appeal results.

The appellant paid to the respondent said sum of $1,859.43, as directed by the Supreme Court judgment; he also paid interest, etc., making a total of $1,969.60, " *In satisfaction* " of that judgment so entered in favor of the respondent against the appellant.

It would seem, therefore, that ordinarily, the litigation was at an end; that the receiver having now the fund of $1,969.60 in his possession, would, in accordance with the established law

make application to the City Court for his compensation and the expenses of the receivership to be paid *out of the fund in his hands*; that " their expenses and their commissions would come *out of the funds of which they were given the custody* " (italics supplied) (*McHarg* v. *Commonwealth Finance Corporation*, 195 App. Div. 862, 865).

The respondent, as a receiver in supplementary proceedings, must look for payment of his compensation and expenses to the moneys he obtained, from the fund in his possession, i.e., from " the sums *received* and disbursed by him " (italics supplied) (Civ. Prac. Act, § 804-a) not to exceed 5% thereof, or, in case it shall not amount to $100 he may seek such an allowance upon application to the court (Civ. Prac. Act, § 1547), to which provisions the Court of Appeals referred in its opinion in *Dailey* v. *Gidinsky* (293 N. Y. 889, *supra*).

It appears to be the respondent's position that the mentioned sum of $1,969.60 paid to him and accepted by him in satisfaction of the judgment, would not furnish an adequate amount for the expenses of the receivership and so he applied for the order aforesaid and now under challenge.

When the assailed order was made, as, indeed, when the application therefor was presented against the appellant, as a third party herein, it was the admitted fact that the third party proceedings had been closed more than two years; in fact they were formally closed by an order made on January 25, 1941. I make reference to it here because I shall allude to it later, since I regard it as an important factor with respect to the power of the court below to make the order under review.

If, as I apprehend the law to be, the receiver must seek his compensation and expenses solely *out of the fund in his possession*, it would seem that the court below was without power to direct the appellant to make the payment sought to be utilized to pay the expenses of the receivership. I find no statutory provision which authorizes such an order as here made; it is also clear to me that the power of the court below to act in these proceedings is purely statutory. I find no provision or case holding that where the funds in the possession of the receiver are deemed inadequate to pay the expenses of the receivership in supplementary proceedings, after the judgment has been satisfied, as mentioned, it may be increased by any such method or procedure as was employed here. Plainly, in such a case the sole recourse of the receiver is against the party who procured the appointment of the receiver (Civ. Prac. Act, § 1547-a; see *Matter of Williams & Co.* v. *Groveville Corp.*, 255 App. Div.

947). That, in my opinion, is the sole remedy of the respondent.

I think a different situation might have been present if the respondent had not accepted the said payment of said sum of $1,969.60 " *In satisfaction* " of the judgment; if he had accepted it only as a payment, subject to an application for compensation and expenses of the receivership and had then applied for and obtained an additional sum of money, whatever the source — property belonging to the judgment debtor, and added it to the fund already in his possession. But not having done so, and having accepted the payment in satisfaction of the judgment, it seems to me that he must look to that fund alone for compensation and expense of the receivership.

Having made the payment directed by the Supreme Court judgment, the matter was at an end so far as the appellant was concerned. The respondent by diligent action could have created, perhaps, an adequate fund for his needs.

The argument is made by the respondent that as a receiver has title to the judgment debtor's property, he is entitled to receive the additional sum representing the balance of the fraudulent transfers and to have it applied toward payment of his compensation and expenses and thus create an additional fund to come into his possession. However, I do not see that this alters the situation where a sum has been paid and voluntarily accepted *in satisfaction* of the judgment.

None of the cases cited by the respondent are applicable, as they involve dissimilar factual situations. I reiterate that it is a question of power, and neither by statute nor by case-made law do I find any authority in the court below to make the order assailed in the situation described.

As to the feature hitherto mentioned that the third party proceedings had been closed more than two years before the making of the order appealed from and had abated as to the appellant and thus deprived the court below of all power to act, the receiver in his moving affidavit states: " Gidinsky's examination in this court as third party was closed on January 25th, 1941, in pursuance of the order of Mr. Justice Parella."

Section 802 provides that after two years the proceedings are deemed closed unless extended by order of the court. Here, it affirmatively appears it was closed by express order of the court; hence no third party proceeding was pending against Gidinsky and there was for this reason, also, no power to make any order against him as such, and no jurisdiction over him for any purpose (*People ex rel. Rogall* v. *Jacoby*, 264 N. Y. 485, 487).

The respondent merely glosses over this feature and resorts to the device of by-pass by the statement that "As Gidinsky is *not now* before the Court, *as a third party,* it is immaterial that his examination was closed over two years ago." Not quite so. It is no answer and cannot be avoided as simply as that. Gidinsky *is* before the court as a *third party;* that has been and is the *very basis* of the motion, the opinion and decision below, and of the order appealed from; the moving affidavit asks for a direction against the appellant *as the third party;* the order to show cause is directed against him as such *third party;* the opinion and decision below are based upon Gidinsky's status as a *third party,* and the order appealed from is directed against him in *that capacity,* and the statement to the converse in the respondents' brief is not the fact and is merely a random effort to avoid the inescapable and the conclusive effect of section 802, which deprived the court below of all jurisdiction over the appellant, as a third party.

The order appealed from was erroneously made and should be annulled and the motion denied. For the reasons stated I dissent.

HAMMER and McLAUGHLIN, JJ., concur in *Per Curiam* opinion; EDER, J., dissents in opinion.

Order affirmed.